

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

HALLMARK SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

v.

LION HEART SURGICAL SUPPLY LLC,
LION HEART SURGICAL SUPPLY
CORP., FABIAN CONDE, JANAINA D.
NASCIMENTO, XS SUPPLY, LLC,
JOHNSON & JOHNSON, ETHICON, INC.
AND ETHICON US, LLC,

        Defendants.
_____/

Case No. 20cv61483 Ruiz

**FILED UNDER SEAL**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Hallmark Specialty Insurance Company ("Hallmark") asserts the following in support of this Complaint for Declaratory Judgment against defendants Lion Heart Surgical Supply LLC ("LHLLC"), Lion Heart Surgical Supply Corp. ("LHSSC"), Fabian Conde ("Conde"), and Janaina D. Nascimento ("Nascimento") (collectively, the "LH defendants"); necessary parties Johnson & Johnson ("J & J"), Ethicon, Inc. ("EINC"), and Ethicon US, LLC ("ELLC") (collectively, the "J & J defendants"); and necessary parties XS Supply, LLC ("XS"), Jon M. Bird ("Bird"), Tyler Berger ("Berger"), Ivan Rodimushkin ("Rodimushkin"), David W. Longdue III ("Longdue"), and Brendan Thomas ("Thomas") (collectively, the "XS defendants"):

### NATURE OF THE ACTION

1. Hallmark seeks a declaratory judgment and other relief regarding its rights and obligations under commercial general liability policy number G09400444 issued to "Lion Heart Surgical Equipment Corp." ("LHSEC") (the "Hallmark policy") in reference to the underlying lawsuit filed by the J & J defendants against the LH defendants and the XS defendants in the

United States District Court, Middle District of Florida, Tampa Division, number 8:19-cv-1673-T-33AEP (the "underlying action"). The J & J defendants and the XS defendants are joined as necessary party defendants under Federal Rule of Civil Procedure 19.

## JURISDICTION AND VENUE

1. This Court has jurisdiction based on diversity of citizenship of the parties under 28 United States Code section 1332(a)(1), and based on federal statute, i.e., the Federal Declaratory Judgment Act, 28 United States Code section 2201.

2. The J&J defendants claim damages for the $1,000,000 limit of liability under the Hallmark policy. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue under 28 U.S.C. section 1391(b)(2) is proper because the LH defendants reside and are located in this judicial district, a substantial part of the events giving rise to this litigation occurred in this judicial district, and because the address of the "Named Insured" on the insurance policy is located in Broward County.

## THE PARTIES

4. Plaintiff Hallmark is a corporation organized under the laws of Oklahoma, with its principal place of business in Texas.

5. Defendant LHLLC is a limited liability company organized under the laws of Florida, with its principal place of business in Hollywood, Florida in Broward County. Upon information and belief, LHLLC's sole members are defendants Conde and Nascimento. LHLLC is a defendant in the underlying action.

6. Defendant LHSSC is a corporation organized under the laws of Florida, with its principal place of business in Hollywood, Florida in Broward County. LHSSC is a defendant in the underlying action.

2

7. Upon information and belief, defendant Conde resides within Broward County, was a manager of LHLLC, and was and is a director and shareholder of LHSSC. Conde is a defendant in the underlying action.

8. Upon information and belief, defendant Nascimento resides within Broward County, was a manager of LHLLC, and was and is a shareholder of LHSSC. Nascimento is a defendant in the underlying action.

9. Defendant XS is a limited liability company organized under the laws of Florida, with its principal place of business in Largo, Florida in Pinellas County. XS is a defendant in the underlying action.

10. Upon information and belief, XS managers are defendants Bird, Rodimushkin, Berger, Longdue, and Thomas, who are each a Florida citizen residing in Pinellas County. Bird, Rodimushkin, Berger, Longdue, and Thomas are defendants in the underlying action.

11. J & J is a corporation organized under the laws of New Jersey, with its principal place of business in New Brunswick, New Jersey. On information and belief, at all relevant times, J & J conducted business in the State of Florida. J&J is a plaintiff in the underlying action.

12. EINC is a corporation organized under the laws of New Jersey, with its principal place of business in Somerville, New Jersey. On information and belief, at all relevant times, EINC conducted business in the State of Florida. EINC is a plaintiff in the underlying action.

13. ELLC is a limited liability company organized under the laws of Texas, with its principal place of business in Cincinnati, Ohio. ELLC's sole member is Ethicon Endo-Surgery, Inc., which is an Ohio corporation with its principal place of business in Cincinnati, Ohio. On information and belief, at all relevant times, ELLC conducted business in the State of Florida. ELLC is a plaintiff in the underlying action.

1024140\306179366.v1

## FACTS

### The Underlying Action

14.     On October 4, 2019, the J & J defendants filed a Second Amended Complaint against the LH defendants, the XS defendants, and other defendants, alleging that defendants engaged in unlawful transactions to import and sell counterfeit products. The J & J defendants filed their action under seal in the United States District Court, Middle District of Florida, Tampa Division, number 8:19-cv-1673-T-33AEP (the "underlying action"). A true and correct copy of the caption and party allegations of the Second Amended Complaint is hereto as **Exhibit A**.

15.     In the underlying action, XS filed a cross-claim against the LH defendants, including causes of action for (1) Breach of Contract, (2) Breach of Statutory Warranties, (3) Negligence, (4) Common Law Indemnity, and (5) Unjust Enrichment. XS is seeking to recover damages, attorney's fees and costs, and pre- and post-judgment interest.

### The Policy

16.     Hallmark issued a Commercial General Liability ("CGL") policy to LHSEC, number G09400444, effective August 23, 2018 to August 23, 2019 (the "Policy"). A true and correct copy of the Policy is attached and incorporated as **Exhibit B**.

17.     The insurance agent for the LH defendants expressly requested that LHSEC be the named insured in the Hallmark policy. A true and correct copy of that request is attached hereto as **Exhibit C**.

18.     The LH defendants provided notice of the underlying action to Hallmark, seeking a defense and indemnity under the Policy.

19.     Hallmark agreed to provide a defense to LHSSC, as well as Conde and Nascimento with respect to their conduct on behalf of LHSSC, subject to a full reservation of rights including, without limitation, on the ground that LHSSC is not an "Insured" under the policy and Conde and

4

Nascimento are not "Insureds" for their conduct on LHSSC's behalf, and that Hallmark is entitled to reimbursement of all defense fees and costs and indemnity paid on behalf of LHSSC and Conde and Nascimento for their conduct on LHSSC's behalf.

20. Hallmark declined to provide coverage to LHLLC, Conde, and Nascimento for their conduct on behalf of LHLLC.

21. Hallmark has provided a defense to LHSSC, Conde, and Nascimento in the underlying action, subject to a full reservation of rights to withdraw from the defense and decline indemnity.

22. XS contends that it is entitled to coverage under the Policy.

23. An actual, present, and justiciable controversy exists between Hallmark, on the one hand, and LHLLC, LHSSC, Conde, Nascimento, and XS, on the other, regarding the parties' rights and obligations under the Hallmark policy, warranting the Court's declaratory judgment.

24. Hallmark has satisfied and complied with all conditions precedent to filing this complaint.

## <u>COUNT 1</u>

### (NO DEFENDANT IN THE UNDERLYING ACTION QUALIFIES AS AN "INSURED")

25. Hallmark incorporates by reference paragraphs 1 through 24 herein.

26. The Policy defines "An Insured", in relevant part, as follows:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:
   ...

   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only

>   with respect to their liability as stockholders.
>
>   ...
>
>   No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

27. The Policy was issued to LHSEC as the "Named Insured". LHSEC is not named as a defendant in the Second Amended Complaint and has never been a party to the underlying action. The Second Amended Complaint names as defendants LHLLC and LHSSC. Neither LHLLC or LHSSC is a "Named Insured" under the Policy nor does either otherwise qualify for coverage as an "Insured".

28. On the Florida Division of Corporations website, LHLLC is identified as "inactive", LHLLC was converted to LHSSC, and LHSSC registered with the Florida Division of Corporations in July 2018 (before the effective date of the Policy).

29. LHLLC was a former limited liability company on the inception date of the Policy, although it continued to operate during the Policy period. The Policy excepts from the definition of an "Insured" any organization that is a current or former limited liability company that is not shown as a "Named Insured" in the Policy Declarations. LHLLC was not shown as a "Named Insured" in the Policy Declarations. It was and is not entitled to coverage under the Policy.

30. XS was a limited liability company on the inception date of the Policy and throughout the Policy period. The Policy clearly excepts from the definition of an "Insured" any organization that is a current or past limited liability company that is not shown as a "Named Insured" in the Policy Declarations. XS was not shown as a "Named Insured" in the Policy Declarations. It was and is not entitled to coverage under the Policy.

31. Because LHLLC, LHSSC, and XS do not qualify as an "Insured", LHLLC, LHSSC, and XS are not entitled to coverage under the Policy, and Hallmark has no obligation to provide a

defense or to indemnify LHLLC, LHSSC, or XS in the underlying action.

32. Because LHLLC, LHSSC, and XS do not qualify as an "Insured", Hallmark has no obligation to provide a defense or to indemnify Conde or Nascimento with respect to their duties, if any, for LHLLC, LHSSC, or XS.

33. No XS defendant is listed as a "Named Insured"; nor does any XS defendant otherwise come within the definition of an "Insured" in the Policy. Hallmark has no obligation to provide a defense or to indemnify any XS defendant in the underlying action or to prosecute the XS cross-claim against the LH defendants.

34. An actual, present and justiciable controversy exists regarding the rights and obligations of the parties under the Policy with respect to the underlying action.

## COUNT 2

### (NO OBLIGATION TO PROVIDE A DEFENSE TO ANY DEFENDANT)

35. Hallmark incorporates herein paragraphs 1 through 34.

36. Hallmark has no obligation to provide a defense to anyone who is not an insured under the Policy.

37. Hallmark has no obligation to provide a defense to any defendant because none is an insured under the Policy.

38. An actual, present and justiciable controversy exists regarding to the rights and obligations of the parties under the Policy with respect to the underlying action.

## COUNT 3

### (NO OBLIGATION TO INDEMNIFY ANY DEFENDANT)

39. Hallmark incorporates herein paragraphs 1 through 38.

40. Hallmark has no obligation to indemnify any defendant in the underlying action

who is not insured under the Policy.

41. Hallmark has no obligation to indemnify any defendant in the underlying action because none of the defendants is an insured under the Policy.

42. An actual, present and justiciable controversy exists regarding the rights and obligations of the parties under the Policy with respect to the underlying action.

## REQUESTED RELIEF

WHEREFORE, Hallmark requests that the Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Policy;

b. Enter judgment declaring that LHLLC, Conde on behalf of LHLLC, Nascimento on behalf of LHLLC, LHSSC, Conde on behalf of LHSSC, Nascimento on behalf of LHSSC, XS, and the XS defendants are not "Insureds" to which Hallmark has any obligation to provide coverage under the Hallmark policy.

c. Enter judgment for all other and further relief to which Hallmark may be entitled.

Dated: July 22, 2020

/s/Rory Eric Jurman
Rory Eric Jurman
Fla. Bar No. 194646
rjurman@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**

One East Broward Boulevard, Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
Secondary: DSmellie@hinshawlaw.com
Office: rejeserve@hinshawlaw.com

Attorneys for Plaintiff Hallmark Specialty Insurance Company