**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO: 20-cv-61483-RAR

HALLMARK SPECIALTY INSURANCE
COMPANY,

    Plaintiff / Counter-Defendant,

v.

LION HEART SURGICAL SUPPLY LLC, LION HEART SURGICAL SUPPLY CORP., FABIAN CONDE, JANAINA D. NASCIMENTO, XS SUPPLY, LLC, JOHNSON & JOHNSON, ETHICON, INC. AND ETHICON, US, LLC

    Defendants / Counter-Plaintiffs.
_____/

**LION HEART SURGICAL SUPPLY LLC, LION HEART SURGICAL SUPPLY CORP., FABIAN CONDE, AND JANAINA D. NASCIMENTO'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendants / Counterplaintiffs Lion Heart Surgical Supply LLC, Lion Heart Surgical Supply Corp., Fabian Conde, and Janaina D. Nascimento (the "Lion Heart Defendants"), respond to Hallmark Specialty Insurance Company's Amended Complaint as follows:

**ANSWER**

1*.    Paragraph 1 states the nature of the action and no response is necessary. To the extent this paragraph requires a response, the Lion Heart Defendants deny any allegations of liability.[1]

---

[1] The Complaint contains two paragraphs numbered as "1." In order to mirror the allegations in the Complaint, the Lion Heart Defendants will mirror this typographical error in its Answer and refer to the first Paragraph 1 as "1*".

## JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes, only.

2. The Lion Heart Defendants deny that they are liable to the J&J Defendants for any damages. Without admitting liability, the Lion Heart Defendants admit for jurisdictional purposes, only, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Admitted for venue purposes, only.

## THE PARTIES

4. Without knowledge and therefore denied.

5. LHLLC has not existed since July 9, 2018 and any allegations of its continued existence are denied. Admitted that it was organized under the laws of Florida with its principal place of business in Hollywood, Florida in Broward County. Admitted that LHLLC's sole members were Conde and Nascimento. Admitted the LHLLC is a defendant in the underlying action.

6. Admitted.

7. Admitted.

8. Admitted.

9. Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

## FACTS

### The Underlying Action

14. Neither admitted nor denied – the Second Amended Complaint in the underlying action speaks for itself.

15. Neither admitted nor denied – the cross-claim speaks for itself.

### The Policy

16. Admitted only that Hallmark issued a commercial general liability policy to LHSEC, a non-existent entity, bearing policy number G09400444, with effective dates of August 23, 2018 through August 23, 2019. The remaining allegations are denied.

17. Neither admitted nor denied; Exhibit C speaks for itself. The Lion Heart Defendants deny that this email is dispositive of any coverage issues in this case, as the email was sent in error by their insurance agent.

18. Admitted.

19. Admitted only the Hallmark is defending LHSSC, Conde and Nascimento in the underlying action under a reservation of rights. The remaining allegations are denied.

20. Admitted.

21. Admitted.

22. Without knowledge, and therefore denied.

23. Admitted that an actual, present, and justiciable controversy exists regarding Hallmark's obligation to defend the Lion Heart Defendants in the Underlying Lawsuit. Denied that there is an actual, present, and justiciable controversy regarding Hallmark's obligation to indemnify the Lion Heart Defendants because the Underlying Lawsuit has not yet concluded.

24. Denied.

## COUNT I
### (NO DEFENDANT IN THE UNDERLYING ACTION QUALIFIES AS AN "INSURED")

25. The Lion Heart Defendants reincorporate their response to paragraphs 1*, and 1-24, as if fully set forth herein.

26. Neither admitted nor denied – Section II of the Policy speaks for itself.

27. Denied.

28. Admitted.

29. Admitted that LHLLC no longer existed as of the Policy's inception date, denied that it continued to operate during the Policy period. The remaining allegations are denied.

30. Neither admitted nor denied – the Policy speaks for itself.

31. Denied

32. Denied.

33. Denied.

34. Admitted that an actual, present, and justiciable controversy exists regarding Hallmark's obligation to defend the Lion Heart Defendants in the Underlying Lawsuit. Denied that there is an actual, present, and justiciable controversy regarding Hallmark's obligation to indemnify the Lion Heart Defendants because the Underlying Lawsuit has not yet concluded.

## COUNT II
### (NO OBLIGATION TO PROVIDE A DEFENSE TO ANY DEFENDANT)

35. The Lion Heart Defendants reincorporate their response to paragraphs 1*, and 1-34, as if fully set forth herein.

36. Denied.

37. Denied.

38. Admitted that an actual, present, and justiciable controversy exists regarding Hallmark's obligation to defend the Lion Heart Defendants in the Underlying Lawsuit. Denied

4

that there is an actual, present, and justiciable controversy regarding Hallmark's obligation to indemnify the Lion Heart Defendants because the Underlying Lawsuit has not yet concluded.

## COUNT III
## (NO OBLIGATION TO INDEMNIFY ANY DEFENDANT)

39. The Lion Heart Defendants reincorporate their response to paragraphs 1*, and 1-38, as if fully set forth herein.

40. Denied.

41. Denied.

42. Denied.

**REQUESTED RELIEF:** Denied in its entirety, including all subparts.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### Ripeness

An insurer's duty to indemnify is determined by the facts of the underlying dispute, and the Underlying Lawsuit has not yet concluded. Accordingly, the issue of whether Hallmark is required to indemnify the Lion Heart Defendants in the Underlying Lawsuit is not yet ripe.

### Second Affirmative Defense
### Illusory Coverage

Because the Policy was issued to an entity that never existed or conducted any business, and the policy provisions, limitations, or exclusions completely contradict the insuring provisions, the coverage offered by the Policy is illusory.

### Third Affirmative Defense
### Reformation (Simple Mistake)

The policy should be reformed due to a "simple mistake" in issuing the Policy to the wrong named insured.

### Fourth Affirmative Defense
### Reformation (Mutual Mistake)

The policy should be reformed due to a "mutual mistake" which resulted in Hallmark issuing the Policy to the wrong named insured.

### Fifth Affirmative Defense
### Unclean Hands

Hallmark's claims are barred because Hallmark, through its acts and conduct, is guilty of unclean hands, and it should be equitably estopped, such that its claims should be dismissed in their entirety. Hallmark's improper conduct includes, but is not limited to, accepting premiums from Lion Heart Surgical Supply, refusing to recognize it as the named insured, refusing to defend and indemnify its correct insureds in the Underlying Lawsuit, and issuing the Policy to a non-existent entity that, by definition, does not provide any coverage at all.

### COUNTERCLAIM

Defendants / Counterplaintiffs, Lion Heart Surgical Supply Corp., Fabian Conde, and Janaina D. Nascimento (the "Lion Heart Insureds") sue Hallmark Specialty Insurance Company ("Hallmark") and state as follows:

### Nature of Action

1. The Lion Heart Insureds sue their insurer, Hallmark, for declaratory judgment and reformation of the Policy that Hallmark erroneously issued to a non-existent corporate entity, due to simple mistake or alternatively, mutual mistake.

### Jurisdiction and Venue

2. This Court has jurisdiction based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a)(1).

3. Lion Heart Surgical Supply Corp. ("LH Corp."), is a Florida corporation with its principal place of business in Hollywood, Florida, that commenced operations in or around July 2018.

4. Fabian Conde ("Conde") is a citizen of the State of Florida and resides in Broward County, Florida, and is an executive officer of LH Corp.

5. Janaina D. Nascimento ("Nascimento") is a citizen of the State of Florida and resides in Broward County, Florida, and is an executive officer of LH Corp.

6. Hallmark is a corporation organized under the laws of Oklahoma and its principal place of business is in Texas.

7. In the underlying lawsuit brought against the Lion Heart Defendants in the U.S. District Court, Middle District of Florida, Tampa Division, Case Number 8:19-cv-1673-T-33AEP, the Plaintiffs and Cross-Claim Plaintiff seek damages in excess of $75,000, exclusive of interest and costs.

8. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Lion Heart Insureds are residents of Broward County, Florida, and the subject insurance policy should have been issued to the Lion Heart Insureds in Broward County, Florida.

## Facts

9. **The Policy**: In or around August 2018, Conde contacted PAG Insurance Services, Inc. ("PAG") to obtain liability insurance for LH Corp.

10. PAG obtained a quote from Hallmark for a commercial general liability policy with limits of $1 million per occurrence, $2 million in the aggregate, and sent it to Conde on August 22, 2018.

11. The quote listed "Lion Heart Surgical Equipment LLC" as the proposed named insured.

12. Conde and Nascimento, the officers of LH Corp., have never owned or operated a business called "Lion Heart Surgical Equipment LLC" or "Lion Heart Surgical Equipment Corp."

13. There is no record with the Florida Department of Corporations of any business or fictitious name filing for "Lion Heart Surgical Equipment LLC" or "Lion Heart Surgical Equipment Corp."

14. On or around August 23, 2018, Conde responded to PAG's email and stated that the named insured should be listed as "Lion Heart Surgical Supply Corp." and wanted to make sure it was corrected before he signed the application.

15. Later that day, PAG told Conde to sign the application for insurance listing "Lion Heart Surgical Equipment LLC" as the named insured, and advised that PAG would correct the name after the policy was issued.

16. Despite Conde's requested correction to the named insured, when PAG emailed the binder to Eric Pray (whose relationship to Hallmark is unknown at this time) later on August 23, 2018 it advised that the named insured should be changed to "Lion Heart Surgical Equipment Corp." *See* D.E. 41-3. The subject line of the email, however, correctly refers to "Lion Hea[r]t Surgical Supply Corp. Binder" and attaches the "Lion Heart Surgical Supply Corp. Bind.App.pdf."

17. LH Corp. paid the premium from an account bearing the name "Lion Heart Surgical Supply."

18. Hallmark, through its producer USG Insurance Services, Inc. in Tampa, Florida, issued a commercial general liability policy number G09400444 to "Lion Heart Surgical Equipment Corp." with effective dates of August 23, 2018 through August 23, 2019 (the "Policy").

19. Shortly after the policy was issued, Conde requested a Certificate of Liability Insurance ("COI") from PAG. The COI listed "Lion Heart Surgical Equipment Corp." as the

named insured. Conde contacted PAG regarding the incorrect name and PAG provided an amended COI listing LH Corp. as the named insured.

20. Conde reasonably believed that the error had been corrected, and the Policy afforded coverage for LH Corp., himself, and Nascimento in their role as executive officers or directors of LH Corp.

21. **The Underlying Lawsuit**: In August 2019, Johnson & Johnson, Ethicon, Inc., and Ethicon US, LLC filed a lawsuit in the U.S. District Court, Middle District of Florida, Tampa Division against LH Corp., Conde, Nascimento, and others (the "Underlying Lawsuit").

22. The operative Second Amended Complaint [D.E. 41-1] alleges that LH Corp. sold purportedly counterfeit medical products to XS Supply, LLC, which in turn sold them to the University of Kentucky.

23. The Lion Heart Insureds promptly notified Hallmark about the Underlying Lawsuit and requested that Hallmark defend and indemnify them.

24. Hallmark agreed to defend the Lion Heart Insureds under a reservation of rights, and is continuing that defense.

25. The Lion Heart Insureds have been required to retain counsel to defend the coverage lawsuit, and to bring this counterclaim on their behalf, and are required to pay them a reasonable fee.

26. All conditions precedent have been met, waived, or satisfied.

## COUNT I – DECLARATORY JUDGMENT

27. The Lion Heart Insureds reincorporate the allegations in paragraphs 1 – 26 as if fully set forth herein.

28. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

29. The parties - having a bona fide, present, antagonistic, and adverse interest - are properly before the Court.

30. A present, ripe, and justiciable controversy exists regarding the correct named insured under the Policy – LH Corp., or the non-existent Lion Heart Surgical Equipment Corp. If LH Corp. is determined to be the correct named insured, then Hallmark is required to continued defending LH Corp., Conde, and Nascimento in the Underlying Lawsuit. And although the issue of indemnity is not yet ripe, Hallmark would also ultimately be required to indemnify the Lion Heart Insureds against any resulting judgment in that suit.

31. The Lion Heart Insureds contend that they are entitled to defense (and ultimately, indemnity) under the Policy because LH Corp. is the correct named insured for whom coverage was sought.

32. The Lion Heart Insureds lack an adequate remedy at law.

33. The Lion Heart Insureds are entitled to have all doubts concerning their rights under the Policy resolved, and seek a declaration from the Court that:

    a. LH Corp. is the correct named insured under the Policy;

    b. LH Corp. is therefore entitled to defense and indemnity in the Underlying Lawsuit;

    c. Conde and Nascimento are entitled to defense and indemnity in the Underlying Lawsuit as executive officers of the named insured, LH Corp.

34. The Lion Heart Insureds therefore pray for the following relief:

    a. The declarations set forth above;

    b. Attorney's fees pursuant to Fla. Stat. § 627.428 and/or § 626.9373; and

    c. Costs.

## **COUNT II – REFORMATION**

35. The Lion Heart Insureds reincorporate the allegations in paragraphs 1 – 26 as if fully set forth herein.

36. The Policy is a written contract.

37. LH Corp. sought liability coverage for itself as the named insured, and its executive officers, Conde and Nascimento, from Hallmark.

38. Due to a mutual, or alternatively unilateral, mistake, Hallmark erroneously issued the Policy to a company that never existed - Lion Heart Surgical Equipment Corp. – instead of LH Corp.

39. LH Corp. discovered the issue during the application process, and notified PAG of the correct named insured.

40. Shortly after the Policy was issued, LH Corp. requested a certificate of liability from its agent, which again incorrectly reflected Lion Heart Surgical Equipment Corp. as the named insured.

41. LH Corp. immediately notified the agent about the issue, and a corrected certificate of insurance was issued listing LH Corp. as the named insured. LH Corp. reasonably believed that the error had been corrected at that time.

42. Only after the Lion Heart Insureds made a claim on the Policy, seeking defense and indemnity in the Underlying Lawsuit, did they learn the Policy had been incorrectly issued to Lion Heart Surgical Equipment Corp.

43. LH Corp., Conde, and Nascimento have been injured by this mistake, as it has jeopardized their insurance coverage for the Underlying Lawsuit, and resulted in this lawsuit for which they have retained the undersigned counsel, who they must pay a reasonable fee.

44. The Lion Heart Insureds lack an adequate remedy at law.

45. Prayer for Relief: the Lion Heart Insureds request that the Court reform the Policy so that the named insured be described as Lion Heart Surgical Supply Corp., to reflect the true intent of the parties; and for an award of attorney's fees pursuant to Fla. Stat. § 627.428 and/or § 626.9373, and costs.

WHEREFORE, the Lion Heart Insureds demand:

a.) that the Policy be reformed to identify Lion Heart Surgical Supply Corp. as the named insured;

b.) for a declaration that Lion Heart Surgical Supply Corp. is the correct named insured under the Policy, and accordingly, Hallmark is required to defend and indemnify it and its executive officers, Conde and Nascimento in the Underlying Lawsuit;

c.) For an award of attorney's fees pursuant to Fla. Stat. § 627.428 and/or § 626.9373; and

d.) Costs.

## JURY DEMAND

The Lion Heart Defendants / the Lion Heart Insureds demand trial by jury of all issues so triable.

          Respectfully submitted,

          **WOLFE | PINCAVAGE**
          2937 SW 27th Avenue, Suite 302
          Miami, FL 33133
          Office: 786.409.0800

By:   /s/ Danya J. Pincavage, Esq.
       Danya J. Pincavage
       danya@wolfepincavage.com
       Fla. Bar No.: 14616
       Omar Ali-Shamaa
       Fla. Bar No.: 121461
       omar@wolfepincavage.com
       *The Lion Heart Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September 2020, the foregoing was filed with the Court's CM/ECF system, which will send notice to the parties in this ligation *via* Email as follows:

Rory Eric Jurman, Esq.
Florida Bar No. 194646
Email: rjurman@hinshawlaw.com
Jenelle E. La Chuisa, Esq.
Florida Bar No. 539988
Email: jlachuisa@hinshawlaw.com
Secondary emails: dsmellie@hinshawlaw.com, vharris@hinshawlaw.com
rejeserve@hinshawlaw.com
Hinshaw & Culbertson LLP
One East Broward Boulevard
Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024

William C. Morison, Esq., *Pro Hac Vice*
Morison & Prough, LLP
2540 Camino Diablo, Suite 100
Walnut Creek, CA 94597
Telephone: (925) 937-9990
Facsimile: (925) 937-3272
Email: wcm@morisonprough.law
Secondary emails: hb@morisonprough.law

Alice R. Huneycutt
Florida Bar No. 293105
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P. A.
SunTrust Financial Centre, Suite 2100
401 E. Jackson Street (33602)
Post Office Box 3299
Tampa, Florida 33601
Telephone: (813) 222-5031
Facsimile: (813) 222-5089
Primary: ahuneycutt@stearnsweaver.com
Secondary: mkish@stearnsweaver.com

and

GEOFFREY POTTER
(NY Bar No: 2252302, *pro hac vice*)
TIMOTHY WATERS
(NY Bar No: 4683157, *pro hac vice*)
JOSHUA R. STEIN
(NY Bar No: 5387394, *pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000

| | |
|---|---|
| jmw@morisonprough.law<br>rrr@morisonprough.law<br><br>*Attorneys for Plaintiff Hallmark Specialty Insur* | Fax: (212) 336-2222<br>gpotter@pbwt.com<br>twaters@pbwt.com<br>jstein@pbwt.com<br><br>*Attorneys for Defendants Johnson & Johnson,*<br>*Ethicon, Inc. and Ethicon, US, LLC* |

        By:    /s/ Danya J. Pincavage
                Danya J. Pincavage

14