UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.  20-CIV-61483-RAR

HALLMARK SPECIALTY INSURANCE
COMPANY,

          Plaintiff,

v.

LION HEART SURGICAL SUPPLY LLC,
LION HEART SURGICAL SUPPLY CORP.,
FABIAN CONDE, JANAINA D. NASCIMENTO,
JOHNSON & JOHNSON, ETHICON, INC.,
ETHICON US, LLC, XS SUPPLY, LLC, JON
M. BIRD, TYLER BERGER, IVAN RODIMUSHKIN,
DAVID W. LONGDUE III, and BRENDAN THOMAS,

          Defendants.

_____/

**HALLMARK SPECIALTY INSURANCE COMPANY'S AMENDED
MOTION FOR JUDGMENT ON THE PLEADINGS (FED. R. CIV. P. 12(c))**

       Plaintiff and counterdefendant Hallmark Specialty Insurance Company ("Hallmark")

moves for judgment on the pleadings.  The facts are undisputed and the law is clear.  No

defendant in the underlying action is an "Insured" under the Hallmark policy for which Hallmark

has any obligation to provide a defense or indemnification.

       Defendants in the underlying action include Lion Heart Surgical Supply Corp.

("LHSSC"), Lion Heart Surgical Supply LLC ("LHLLC"), Fabian Conde, and Janaina D.

Nascimento (collectively, the "LH defendants").  Defendants also include XS Supply, LLC along

with individual XS defendants Jon M. Bird, Tyler Berger, Ivan Rodimushkin, David W. Longdue

III, and Brendon Thomas (collectively, the "XS defendants").  The XS defendants have admitted

in their answer to Hallmark's amended complaint in this coverage action that they are not

"Insureds" under the Hallmark policy and that they are not entitled to coverage under the Hallmark policy.  Judgment may be entered against the XS defendants.  No other defendant in the underlying action has ever alleged that it is an insured of Hallmark.

The LH defendants admit that the Hallmark policy identifies Lion Heart Surgical Equipment Corp. ("LHSEC") as the "Named Insured".  The LH defendants admit that they are not named, nor do they otherwise qualify, as "Insureds" as defined in the Hallmark policy. LHSSC and Conde and Nascimento acting on LHSSC's behalf (collectively, "counterclaimants") argued that the Hallmark policy should be reformed to identify LHSSC instead of LHSEC as the "Named Insured".  The undisputed facts, however, preclude reformation.  Reformation requires a mutual mistake between LHSSC and Hallmark in identifying LHSEC as the "Named Insured". There was no mistake.  The LH defendants' agent expressly and specifically instructed Hallmark's agent that the "Named Insured" on the policy should be LHSEC.  The LH defendants are bound by the actions of their admitted agent.  Hallmark listed LHSEC as the "Named Insured" on the policy as instructed by the LH defendants' agent.

Factual admissions in the LH defendants' answer, facts alleged in the LHSSC counterclaim, and other facts of which the court may take judicial notice demonstrate that no mistake was made.  The alleged facts also demonstrate that the LH defendants did not review their policy after inquiry notice, and that they did not question with Hallmark the policy's "Named Insured" designation until after the claim in the underlying action had been made.  The undisputed facts demonstrate that no LH defendant is an "Insured" under the Hallmark policy and that LHSSC/Conde/Nascimento did not and cannot, as a matter of law, assert or prevail on Count II (Reformation) in their counterclaim.  Count I (Declaratory Judgment), based on the same facts as Count II, similarly fails as a matter of law.  Hallmark is entitled to, and respectfully

requests that the Court enter, judgment on the pleadings in favor of Hallmark and against all defendants in this action.

STATEMENT OF UNDISPUTED FACTS

The Policy

The following facts are undisputed.  PAG Insurance Services, Inc. ("PAG") was the LH defendants' agent in the insurance transaction (ECF 49 (answer or "A") ¶ 17;  ECF 49 (counterclaim or "CC") ¶¶ 9, 14, 15; ECF 41 (Hallmark's amended complaint) ¶ 17; ECF 41-3). Hallmark's agent was USG Insurance Services, Inc. ("USG") (ECF 49 CC ¶ 18; ECF 41-2 at 18, 69; ECF 41-3).  Hallmark's quote for the policy listed LHSEC as the proposed "Named Insured" (ECF 49 CC ¶ 11).  Conde for the LH defendants signed the insurance application listing LHSEC as the "Named Insured" (ECF 49 CC ¶¶ 4, 15).  PAG expressly and specifically requested USG to list LHSEC as the "Named Insured" in the Hallmark policy (ECF 49 A ¶ 17; ECF 49 CC ¶ 16; ECF 41 ¶ 17; ECF 41-3).  Hallmark issued a commercial general liability policy listing LHSEC as the "Named Insured", number G09400444, effective August 23, 2018 to August 23, 2019 (the "policy") (ECF 49 CC ¶¶ 18, 38; ECF 41, ¶¶ 16, 27; ECF 41-2 at 10, 18, 27, 28).  LHLLC and LHSSC were not listed as a "Named Insured" in the policy nor did they (or Conde or Nascimento acting on their behalf) otherwise come within the definition of an "Insured" (ECF 49 CC ¶¶ 1, 18, 30-34, 38, 42, 45; ECF 41 ¶¶ 26, 27, 31, 32, 36, 37, 40, 41; ECF 41-2 at 10, 18, 27, 28, 30, 31, 45).  Prior to the underlying claim, neither PAG, LHSSC, LHLLC, Conde or Nascimento contacted USG or Hallmark to question the "Named Insured" on the policy (ECF 49 CC ¶¶ 19, 20, 42; ECF 41-2 at 69).  Any such purported communications occurred solely between Conde and PAG (ECF 49 A ¶ 17; ECF 49 CC ¶¶ 14, 19, 20, 39-41).

3

<u>The Underlying Action</u>

The following facts are also undisputed.  On October 4, 2019, Johnson & Johnson, Ethicon, Inc., and Ethicon US, LLC (collectively, "J & J") filed a second amended complaint against LHSSC, LHLLC, Conde and Nascimento on behalf of LHSSC and LHLLC, and the XS defendants.  J & J alleged that defendants engaged in unlawful transactions to import and sell counterfeit medical products.  J & J filed their action under seal in the United States District Court, Middle District of Florida, number 8:19-cv-1673-T-33AEP (the "underlying action") (ECF 49 CC ¶¶ 7, 21, 22; ECF 41 ¶ 14; ECF 41-1; ECF 48 (J & J answer) ¶¶ 5-10, 14; ECF 41-2 at 10, 18, 27, 28).  J & J did not name LHSEC as a defendant (ECF 49 CC ¶¶ 21, 22; ECF 41-1 at 1-6; ECF 48 ¶ 14).  J & J named as defendants LHLLC, LHSSC, Conde and Nascimento on behalf of LHLLC and LHSSC, and the XS defendants (ECF 49 A ¶¶ 5-8; ECF 41-1 ¶¶ 9-18; ECF 48 ¶¶ 5-10, 14 27).[1]

LHSSC, and Conde and Nascimento on LHSSC's behalf, provided notice of the underlying action to Hallmark, seeking a defense and indemnity under the policy (ECF 49 A ¶ 18; ECF 49 CC ¶ 23; ECF 41 ¶ 18).  Subject to a full reservation of rights, Hallmark agreed to provide them with a defense with respect to their conduct on behalf of LHSSC.  That reservation of rights included, without limitation, that LHSSC is not an "Insured" under the policy and Conde and Nascimento are not "Insureds" for their conduct on LHSSC's behalf, and that Hallmark is entitled to reimbursement of all defense fees and costs and indemnity paid on behalf of LHSSC and Conde and Nascimento for their conduct on LHSSC's behalf (ECF 49 CC ¶ 24;

---

[1] LHLLC is LHSSC's predecessor (ECF 41 ¶ 28; ECF 49 A ¶ 28).  Hallmark declined to provide coverage to LHLLC as well as Conde and Nascimento for their conduct on LHLLC's behalf (ECF 41, ¶ 20, ECF 49 A ¶ 20).  LHLLC is not a counterclaimant. Counterclaimants LHSSC, Conde, and Nascimento therefore appear to concede Hallmark's coverage denial to LHLLC (ECF 49).

1024140\306852757.v1

ECF 41 ¶ 19). Hallmark has provided a defense to LHSSC as well as Conde and Nascimento acting on LHSSC's behalf in the underlying action, subject to a full reservation of rights to withdraw from the defense, decline indemnity, and seek reimbursement of all defense fees and costs previously paid (ECF CC 49 ¶ 24; ECF 41 ¶ 21).

<u>NATURE OF THIS ACTION</u>

Hallmark has sought a declaratory judgment and other relief in this action regarding its rights and obligations under the policy in the underlying action relative to the LH defendants. J & J and the XS defendants are joined in this coverage action as necessary party defendants under Federal Rule of Civil Procedure 19 (ECF 41). LHSSC, as well as Conde and Nascimento acting on LHSSC's behalf, filed a counterclaim against Hallmark, alleging counts for reformation and declaratory judgment (ECF 49). No mistake was made as a matter of law on which counterclaimants could premise any claim for reformation. This motion seeks judgment on the pleadings of this entire action.

<u>LEGAL STANDARD</u>

"Judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Florida Residential Prop. & Cas. Joint Underwriting Assn.*, 137 F.3d 1293, 1295 (11th Cir. 1998); *accord Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) ("Judgment on the pleadings is appropriate when there no material facts in dispute and the moving party is entitled to judgment as a matter of law'"). Judgment is appropriate when no defendant or counterclaimant can prove any set of facts in support of his, her or its claim which would entitle that party to relief. *See Tassinari v. Key West Water Tours, L.C.*, 480 F.Supp. 1318, 1320 (S.D. Fla. 2007). In deciding this motion, a Court may consider all pleadings and all documents attached to or referenced within the pleadings. *Id.*

1024140\306852757.v1

<u>ARGUMENT</u>

I.    THE PARTIES AGREE THAT NO DEFENDANT IN THE UNDERLYING
      <u>ACTION IS AN "INSURED" UNDER THE HALLMARK POLICY</u>

The Hallmark policy defines "Who Is An Insured", in relevant part, as follows:

**SECTION II – WHO IS AN INSURED**

1.    If you are designated in the Declarations as:

      …

      d.    An organization other than a partnership, joint venture or limited
            liability company, you are an insured. Your 'executive officers' and
            directors are insureds, but only with respect to their duties as your
            officers or directors. Your stockholders are also insureds, but only
            with respect to their liability as stockholders.

      ...

No person or organization is an insured with respect to the conduct of any current or past
partnership, joint venture or limited liability company that is not shown as a Named Insured
in the Declarations.

LHSEC was designated in the Declarations of the Hallmark policy as the "Named Insured"

(ECF 49 CC ¶¶ 18, 38; ECF 41, ¶¶ 16, 27; ECF 41-2 at 10, 18, 27, 28).  LHSEC is not named as a

defendant and has never been a party to the underlying action (ECF 49 CC ¶¶ 21, 22; ECF 41-1 at

1-6; ECF 50 ¶ 27).

LHLLC, LHSSC, Conde, Nascimento, and the XS defendants are named defendants in the

underlying action (ECF 49 A ¶¶ 5-8; ECF 41 ¶ 14; ECF 41-1 at 1-5; ECF 48 (J & J answer) ¶¶ 5-

10; ECF 50 (XS answer) ¶¶ 10, 14).  Not one of them, however, is a "Named Insured" under the

Hallmark policy nor do any of them otherwise qualify for coverage as an "Insured" (ECF 49 CC

¶¶ 1, 18, 30-34, 38, 42, 45; ECF 41 ¶¶ 26, 27, 30, 31, 32, 36, 37, 40, 41; ECF 41-2 at 10, 18, 27,

28, 30, 31, 45; ECF 50 ¶¶ 22, 30, 31, 32, 33).

In addition, LHLLC and XS were limited liability companies that were not named in the

policy Declarations (ECF 41 ¶¶ 5, 9; ECF 49 A ¶ 5; ECF 50 ¶ 9).  The policy clearly excepts

1024140\306852757.v1

from the definition of an "Insured" any organization that is a current or past limited liability

company that is not shown as a "Named Insured" in the policy Declarations.  Neither LHLLC

nor XS was shown as a "Named Insured" in the policy Declarations and, for that reason also,

they are not entitled to coverage under the policy.

The XS defendants admitted in their answer that they are not a Hallmark "Insured" and

that they are not entitled to coverage under the Hallmark policy (ECF 41 ¶¶ 22, 30, 31, 32, 33;

ECF 50 ¶¶ 22, 30, 31, 32, 33).  LHLLC has effectively admitted that it is not a Hallmark

"Insured" entitled to any coverage by failing to join LHSSC's counterclaim against Hallmark.

LHSSC as well as Conde and Nascimento acting on LHSSC's behalf admit that they do not

come within the definition of a Hallmark "Insured" but argue that the policy should be reformed

(ECF 49 A ¶¶ 16, 17, 26; ECF 49 CC ¶¶ 1, 18, 30-34, 38, 42, 45; ECF 41 ¶¶ 16, 26, 27, 31, 32,

36, 37, 40, 41; ECF 41-2 at 10, 18, 27, 28, 30, 31, 45).  No LH defendant contested the accuracy

of the Hallmark policy in the answer or the counterclaim (ECF 41-2).  The Court should enter

judgment on the pleadings on the ground that no defendant in the underlying action is an

"Insured" entitled to any coverage under the Hallmark policy.

II.     COUNTERCLAIM COUNT II FOR REFORMATION FAILS AS
        A MATTER OF LAW BECAUSE UNDISPUTED FACTS
        DEMONSTRATE THAT THERE WAS NO MUTUAL MISTAKE

        A.  Florida Courts Do Not Rewrite Contracts, Particularly The Term "Named Insured"

        Florida law is clear:

As this and many other courts have stated, courts do not rewrite contracts…'a court is
powerless to rewrite the contract to make it more reasonable or advantageous for one of
the contracting parties'…'It is well settled that courts may not rewrite a contract or interfere
with the freedom of contract or substitute their judgment for that of the parties thereto in
order to relieve one of the parties from the apparent hardship of an improvident bargain'….

*Hill v. Deering Bay Marina Assn.*, 985 So.2d 1162, 1166 (Fla. 3rd DCA 2008). "[W]hen interpreting a policy to determine who is covered, it is a 'well-settled rule 'that a court shall not rewrite a contract of insurance extending the coverage afforded beyond that plainly set forth in the insurance contract'…In particular, the term 'named insured' has a restricted meaning and does not apply to persons not specifically named in the policy.'" *Mt. Hawley Ins. Co. v. Miami River Port Terminal, LLC*, 713 Fed.Appx. 951, 957 (11th Cir. Nov. 16, 2017) ("Indeed, as noted, Defendant acknowledged [it was not an insured] in its counterclaim for reformation that expressly sought to add Defendant as a Named Insured"), citing *Fidelity Ins. Co. v. Suwannee Lumber Mfg. Co., Inc*., 411 So.2d 950, 951 (Fla. 1st DCA 1982); *accord Herrera v. Integon Nat'l Ins. Co*., 2020 U.S. Dist. LEXIS 21597 (S.D. Fla. Feb. 6, 2020) at 13, fn. 4.

   B.  Florida Applies A "Strong Presumption" That The Policy Accurately
       Expressed The True Intention Or Agreement Of The Parties

   "In Florida, there is a 'strong presumption arising from an insurance policy that it correctly expresses the intention of the parties'…With this presumption against reformation, it is not surprising that Florida courts require that parties seeking to reform a contract demonstrate not by a mere preponderance of the evidence, but rather by clear and convincing evidence, that the policy did not accurately reflect the parties' agreement." *Golden Door Jewelry Creations v. Lloyds Underwriters Non-Marine Assn.*, 8 F.3d 760, 765-66 (11th Cir. 1993) (refusing reformation on the ground that there was no mutual mistake).

   "Most factual circumstances do not support reformation, and wisely so.  Contracts must be binding, and unless the parties can demonstrate—with clear and convincing evidence—that the contract does not reflect the parties' mutually agreed-upon terms, the courts may not reform the contract, no matter how severely one party may suffer."  *Golden Door*, 8 F.3d at 767 (parties did not agree to coverage of consigners as lender loss payees or named insureds); *accord*

8

*Regions Bank v. Commonwealth Land Title Ins. Co.*, 977 F.Supp.2d 1237, 1257 (S.D. Fla. 2013)

("*Regions Bank*") ("Florida law recognizes a strong presumption that an insurance policy

correctly expresses the parties' intent"; "Evidence of the antecedent agreement and mutual

mistake must be 'precise, explicit, and lacking in confusion, about the matter in issue'");

*Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, 186 F.Supp.3d 1307, 1326 (M.D. Fla. 2016)

("*Quorum*") (Florida applies a "'strong presumption' that a contract accurately expresses the true

intention or agreement of the parties, [and] the party seeking reformation on the basis of a mutual

mistake faces a high evidentiary burden'…that party must show by clear and convincing

evidence 'that the parties [to the contract] agreed on one thing and when they put it in the

contract they said something different.'…'Clear and convincing evidence' is evidence that

'produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the

truth of the allegations sought to be established'").

C. Reformation Requires That Both The Counterclaimants And
Hallmark Were Mistaken In Regard To The Named Insured,
Which Counterclaimants Did Not, And Cannot, Allege

For LHSSC and Conde and Nascimento on LHSSC's behalf (collectively, the

"counterclaimants") to reform the policy to state that LHSSC, and not LHSEC, was the "Named

Insured", they must allege and prove that both the purported insured and Hallmark were

mistaken on which entity was to be the insured. *See Tobin v. Mich. Mut. Ins. Co*., 948 So.2d

692, 696 (Fla. 2006) (reformation requires a mutual mistake).

> 'Reformation is an equitable remedy which 'acts to correct an error not in the parties'
> agreement but in the writing which constitutes the embodiment of the agreement.'…'In
> reforming a written instrument,' the court 'in no way alters the agreement of the
> parties.  Instead, the reformation only corrects the defective written instrument so that it
> accurately reflects the true terms of the agreement actually reached.'…'Florida courts
> have sharply delimited a narrow range of circumstances that will support reformation: …
> [including] mutual mistake'…'a mistake is mutual when the parties agree to one thing
> and then, due to either a scrivener's error or inadvertence express something different in

9

the written instrument'…Reformation is generally not an available remedy where only a unilateral mistake is present…There is no 'clerical mistake' or 'scrivener's error' at issue here.  Whether or not it was [insured actor's] intent to include [an entity] as a Named Insured in the Policy is immaterial, because it was clearly not [insurer's].  'When an instrument is written as one party understands it, and not as the other party understands it, there is no ground for reform'…Accordingly, the Court concludes that the [insured actor's] unilateral mistake - repeated over the course of three years [and three policies] - does not give rise to reformation….

*Mt. Hawley Ins. Co. v. Miami River Port Terminal*, 228 F.Supp.3d 1313, 1327 (S.D. Fla. 2017)

("*MRPT*").  *MRPT*, from the Southern District of Florida, is a case with facts similar to the case

at bar.  In *MRPT*, an entity was not added as a "Named Insured" to the policy, notwithstanding

the insured had requested that it be included.  The non-insured entity's address was the same as a

named insured.  Neither the insured nor the insured's broker brought the omission to the

insurer's attention until after the claim against the non-insured entity had been made.  The court

denied the insured's request for reformation and granted the insurer's dispositive motion on the

ground that the omitted entity was not included as a named insured, which was not a mutual

mistake.  Indeed, the case at bar is even more compelling.  The LH defendants' agent expressly

requested that the "Named Insured" be LHSEC.  Neither the LH defendants nor their agent

requested that LHSSC be listed as a "Named Insured".  Hallmark followed the LH's defendants'

agent's request.

The court in *Regions Bank, supra,* found that there was no mutual mistake and denied

policy reformation to a land title insurer.  *Regions Bank* arose out of an underlying action

involving a failed real estate development transaction.  It held that the title policy was consistent

with the antecedent agreement between the parties.

The court in *Quorum, supra,* found that the parties in that case made a mutual mistake.

The court relied on the insured broker's renewal application that plainly stated an exclusion was

to be included in the policy.  The exclusion endorsement was not attached to the policy.  The

1024140\306852757.v1

court found in favor of the insurer.  It determined that both parties agreed prior to the policy with

the exclusion endorsement included, the omission of that endorsement was a mutual mistake, and

the insurer had no obligation to provide coverage for the claim based on the exclusion.

> D.  The LH Defendants Are Bound By The Actions Of Their Agent PAG,
>      Hallmark Followed PAG's Instruction, And No Mistake Was Made

It is undisputed that PAG was the LH defendants' broker, and thus agent, and that USG,

the underwriter, was Hallmark's agent in the insurance transaction.  *See Banco Ficohsa v.*

*Aseguradora Hondurena, S.A.*, 937 So.2d 161, 165 (Fla. 3rd DCA 2006) ("Florida law treats an

insurance broker as an agent of the insured rather than the insurer").  The LH defendants are

bound by the actions of PAG.  *See Quorum*, 186 F.Supp.3d at 1327-28 ("It is the law of Florida

that an insured is bound by the actions of its broker"); *Mercury Ins. Co. v. Sherwin*, 982 So.2d

1266, 1269 (Fla.4th DCA 2008) (insured bears the burden of its broker's error); *Sec. Mgmt. Corp.*

*v. Hartford Fire Ins. Co.*, 641 So.2d 184, 186 fn. 1 (Fla. 3rd DCA 1994) ("'Because the broker

was the agent of the insured, the insured was bound by the agent's actions"); *Liberty Mutual Ins.*

*Co. v. Scalise*, 627 So.2d 87, 91 (Fla. 1st DCA 1993) ("An insured is bound by his broker's acts,

even [if] fraudulent, and is charged with such broker's knowledge, and cannot challenge the

validity of the contract which the broker makes for him.  Consequently, a misrepresentation or

breach of warranty by such broker is, in law, the act of the insured…."); *Nugget Oil, Inc. v.*

*Universal Sec. Ins. Co.*, 584 So.2d 1068, 1071 (Fla. 1st DCA 1991) ("[insurer] was not to blame

if [broker] requested the wrong uninsured motorist limits.  The conflict of testimony between

[insured] and [broker] concerning the amount of coverage is, therefore, irrelevant because

[broker] was [insured's] agent and [insured] was bound by [broker's] actions"); and *Empire Fire*

*& Marine Ins. Co. v. Koven*, 402 So.2d 1352, 1353 (Fla. 4th DCA 1981) ("because the broker

1024140\306852757.v1

was the agent of the insured, the insured was bound by the agent's actions", even if the broker

acted in excess of his or her authority or made a mistake).

An insurer may rely on a representation by a prospective insured's broker in preparing

the policy. *See Progressive Am. Ins. Co. v. Steele*, 15 F.Supp.3d 1240, 1250 (M.D. Fla. 2014)

("[broker's] indication to Progressive that he obtained the necessary exclusion form from

[policyholder] was sufficient for Progressive to write the Policy excluding [uninsured driver]

from coverage"). PAG was the broker/agent for the LH defendants. PAG instructed

USG/Hallmark to identify LHSEC as the "Named Insured" on the policy. The LH defendants

are bound by that instruction. Hallmark, as requested, named LHSEC as the "Named Insured".

The LH defendants admitted that LHSEC was the name on the insurance application. Hallmark

did not make a clerical mistake or a scrivener's error. No mistake was made because Hallmark

drafted the policy exactly as PAG/LH defendants requested. Whether LHSEC had filed

documents with the Florida Secretary of State is irrelevant to whether PAG/LH defendants and

USG/Hallmark made a mutual mistake. Hallmark was entitled to rely on PAG's representation.

The only possible mistake (if any) was between PAG and the LH defendants for which Hallmark

has no obligation and is not liable.

The LH defendants argue that they were not aware that the policy named LHSEC rather

than LHSSC until after the claim was made in the underlying action. No party can avoid policy

terms by claiming that he, she or it did not read the policy, particularly a party that was on

inquiry notice. *See Admiral Ins. Co. v. Cresent Hills Apts.,* 328 F.3d 1310, 1321 (11th Cir. 2003)

("an insured has a duty to take certain steps for its own protection such as reading their

policies…."); *Harkless v. Laubhan*, 278 So.3d 728, 734-35 (Fla. 2nd DCA 2019) ("If a party has

knowledge such that a reasonably prudent person would make a further inquiry but no further

investigation is made, the party 'must suffer the consequence of his neglect'"); *Citizens Prop. Ins. Corp. v. European Woodcraft & Mica Design, Inc.*, 49 So.2d 774, 777-78 (Fla. 4th DCA 2010) ("it will not suffice the law to remain willfully ignorant of a thing readily ascertainable by whatever party puts him on inquiry, when the means of knowledge is at hand").  The LH defendants knew that LHSEC was on the application and on an insurance certificate, which they had allegedly previously brought to PGA's attention (ECF 49 ¶¶ 14, 15, 19).  By their own admissions, the LH defendants were on inquiry notice and should have read the policy to confirm the identity of the "Named Insured".   That they did not read the policy to so determine also defeats their claim for reformation.

     E.  <u>Counterclaimants Did Not And Cannot Allege A Cause Of Action For Reformation</u>

     Based on the relevant, undisputed facts before the Court, no mistake was made. Hallmark was expressly directed by the broker/agent, binding the LH defendants, to identify LHSEC as the "Named Insured" on the policy.  Hallmark followed the explicit instruction of the prospective insured's broker in identifying the named insured as LHSEC.  The policy reads precisely as the parties agreed.  No facts are, nor can be, alleged to support any mutual mistake because Hallmark did not make one.  The clear and explicit facts alleged do not and cannot support reformation.  There is no basis in law to reform the policy to name LHSSC. Counterclaimants have not, and cannot, rebut the "strong presumption" that the policy accurately expressed the parties' agreement.  The material facts are not in dispute and Hallmark is entitled to judgment on the pleadings in its favor and against all defendants as a matter of law.

III.    <u>COUNTERCLAIM COUNT I FOR DECLARATORY RELIEF IS SIMILARLY SUBJECT TO JUDGMENT BECAUSE IT RELIES ON THE SAME FACTS</u>

     "Where…the declaratory judgment count would serve no useful purpose because the issues will be resolved by another claim, courts generally decline to entertain the declaratory judgment

13

count." *Lazarus v. USAA Cas. Ins. Co.*, 2020 Dist. LEXIS 13045 (S.D. Fla. Jan. 24, 2020) at 3 (Ruiz II, J.), citing *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs.*, 416 F.Supp.3d 1369, 1376-77 (S.D. Fla. 2019) (Ruiz II, J.).  Counterclaimants base their first count for declaratory relief on the same undisputed facts on which they base their second count for reformation.  For the same reasons set forth above in regard to the second count, the Court should also enter judgment in Hallmark's favor on the first count.

CONCLUSION

Hallmark respectfully requests that this Honorable Court ENTER JUDGMENT on the pleadings in Hallmark's favor and against all defendants.

Dated: October 21, 2020

Respectfully submitted,

**HINSHAW & CULBERTSON, LLP**       **MORISON & PROUGH, LLP**


/s/Rory Eric Jurman               /s/ William C. Morison      
Rory E. Jurman, Esq.                   William C. Morison, Esq.
Florida Bar No.: 194646           California State Bar No.: 99981
rjurman@hinshawlaw.com         wcm@morisonprough.law
One East Broward Boulevard, Suite 1010   2540 Camino Diablo, Suite 100
Fort Lauderdale, Florida 33301       Walnut Creek, California 94597
T: (954) 467-7900; F: 954-467-1024    T: (925) 937-9990; F: (925) 937-3272
Attorneys for Plaintiff/Counter-defendant   Attorneys for Plaintiff/Counter-defendant
Hallmark Specialty Insurance Company    Hallmark Specialty Insurance Company

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2020, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Gus Michael Centrone
Fla. Bar No.: 0030151
gcentrone@kmf-law.com
James E. Felman
Fla. Bar No.: 775568
jfelman@kmf-law.com
Katherine Earle Yanes
Fla. Bar No.: 159727
kyanes@kmf-law.com
KYNES MARKMAN & FELMAN, P.A.
PO Box 3396
Tampa, FL 333601
Phone: 813-229-1118
Fax: 813-221-6750

*Counsel for Defendant XS Supply, LLC*
*Plaintiff Hallmark Specialty Insurance*
*Company*

Danya J. Pincavage
Fla. Bar No.: 14616
danya@wolfepincavage.com
Omar Ali-Shamaa
Fla. Bar No.: 121461
omar@wolfepincavage.com
WOLFE | PINCAVAGE

Alice R. Huneycutt
Florida Bar No. 293105
STEARNS WEAVER MILLER
WEISSLER ALHADEFF &
SITTERSON, P. A.
SunTrust Financial Centre, Suite 2100
401 E. Jackson Street (33602)
Post Office Box 3299
Tampa, Florida 33601
Telephone: (813) 222-5031
Facsimile: (813) 222-5089
Primary: ahuneycutt@stearnsweaver.com
Secondary: mkish@stearnsweaver.com

and

Geoffrey Potter
(NY Bar No: 2252302, *pro hac vice*)
Timothy Waters
(NY Bar No: 4683157, *pro hac vice*)
Joshua R. Stein
(NY Bar No: 5387394, *pro hac vice*)
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000

1024140\306852757.v1

2937 SW 27th Avenue, Suite 302
Miami, FL 33133
Office: 786.409.0800

*Counsel for Lion Heart Surgical Supply, LLC,
Lion Heart Surgical Supply Corp., Fabian
Conde and Janaina D. Nascimento*

Fax: (212) 336-2222
gpotter@pbwt.com
twaters@pbwt.com
jstein@pbwt.com

*Attorneys for Defendants Johnson &
Johnson, Ethicon, Inc. and Ethicon, US,
LLC*

1024140\306852757.v1