**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO: 20-cv-61483-RAR

HALLMARK SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.

LION HEART SURGICAL SUPPLY LLC, LION HEART SURGICAL SUPPLY CORP., FABIAN CONDE, JANAINA D. NASCIMENTO, JOHNSON & JOHNSON, ETHICON, INC. AND ETHICON, US, LLC, XS SUPPLY, LLC, JON M. BIRD, TYLER BERGER, IVAN RODIMUSHKIN, DAVID W. LONGDUE III, and BRENDAN THOMAS

    Defendants,

*and*

LION HEART SURGICAL SUPPLY CORP., FABIAN CONDE, JANAINA D. NASCIMENTO,

    Counter-Plaintiffs,

v.

HALLMARK SPECIALTY INSURANCE COMPANY

    Counter-Defendant.
_____/

**DEFENDANTS/COUNTER-PLAINTIFFS' RESPONSE IN OPPOSITION TO HALLMARK SPECIALTY INSURANCE COMPANY'S AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS**

Hallmark's amended motion for judgment on the pleadings [D.E. 60] should be denied because the pleadings demonstrate numerous questions of material fact; the court may reform the policy due to a simple or mutual mistake; and the LH Defendants sufficiently alleged their claims for declaratory judgment and reformation. As a result, Hallmark cannot possibly meet the high burden required to be satisfied to prevail on a motion for judgment on the pleadings. In support, Defendants/Counter-Plaintiffs Lion Heart Surgical Supply LLC, Lion Heart Surgical Supply Corp., Fabian Conde, and Janaina D. Nascimento (the "LH Defendants"), state as follows:

## I. INTRODUCTION

This is an insurance coverage action in which Hallmark Specialty Insurance Company ("Hallmark") contends that it is not required to defend or indemnify the LH Defendants in an underlying lawsuit because the subject policy names "Lion Heart Surgical *Equipment*, Corp." as the insured and not "Lion Heart Surgical *Supply* Corp." Significantly, "Lion Heart Surgical Equipment Corp." is a non-existent entity. Despite the plethora of case law providing that such an obvious misnomer is properly corrected through reformation of the insurance policy, Hallmark seeks to avoid its obligation to defend and indemnify its insureds against a $6 million claim based on this flimsy premise.   Hallmark has raised no grounds to avoid coverage other the name of the insured, nor has it claimed it has been prejudiced by this clear mistake. Hallmark's curious position begs the question: does Hallmark regularly insure non-existent entities, and, if so, how much higher is the premium it charges to insure entities that actually exist?

## II. FACTUAL BACKGROUND

Most of the facts of this case are disputed. The LH Defendants allege that they obtained a commercial general liability policy through PAG Insurance Services, Inc. ("PAG"). D.E. 49 at ¶ 9. Initially, the quote from PAG listed the wrong entity – Lion Heart Surgical *Equipment*, *LLC* – which never existed or ever came into being. *Id.* at ¶ 11. Fabian Conde instructed PAG to correct

2

the named insured to Lion Heart Surgical *Supply Corp*. (replacing "Equipment LLC" with "Supply Corp.") *Id.* at ¶14. PAG informed the LH Defendants that it would do so. *Id.* at ¶ 15. Despite Mr. Conde's instructions to correct the name insured, PAG emailed Eric Pray from USG Insurance Services, Inc. ("USG"), which is allegedly Hallmark's underwriter/agent, a copy of Lion Heart Surgical Supply Corp.'s correctly titled application and binder. The body of the email, however, stated "Lion Heart Surgical *Equipment*, Corp." *Id.* at ¶16. All premiums for the Policy were paid by Lion Heart Surgical Supply Corp. *Id.* at ¶17.

Shortly after policy was issued, Conde requested a Certificate of Insurance ("COI"). *Id.* at ¶ 19. The COI listed the wrong entity – "Lion Heart Surgical Equipment Corp." – as the named insured. *Id.* Conde immediately contacted PAG regarding the incorrect name and PAG provided an amended COI listing Lion Heart Surgical Supply Corp. as the named insured.[1] *Id.* As such, the LH Defendants reasonably believed that the error had been corrected and the Policy afforded coverage to the LH Defendants. *Id.* at ¶ 20. It was not until the LH Defendants informed Hallmark of the underlying action that they learned of any discrepancy in the name of the insured under the Policy, or that Hallmark refused to defend and/or indemnify them because of the mistake relating to the named insured.

Because the pleadings raise numerous questions of material fact and the court may reform the policy due to a simple or mutual mistake, Hallmark's amended motion for judgment on the pleadings must be denied.

### III.   LEGAL STANDARD

Federal district courts have applied a "fairly restrictive standard in ruling on motions for judgment on the pleadings." *Bryan Ashley Int'l, Inc. v. Shelby Williams Indus., Inc.*, 932 F. Supp.

---

[1] Under the Policy's definition of "Who is an Insured," officers of the company are insureds. Therefore, Counter-Plaintiffs Janaina D. Nascimento and Fabian Conde were to be insured under the Policy as officers of Lion Heart Surgical Supply Corp.

290, 291 (S.D. Fla. 1996) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (1990)). Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is only appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Perez v. Wells Fargo, N.A.*, 774 F. 3d 1329, 1335 (11th Cir. 2014). If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied. *Id.*

Moreover, in determining whether a party is entitled to judgment on the pleadings, the Court must accept as true all material facts alleged in the non-moving party's pleadings, and view those facts in the light most favorable to the non-moving party. *Perez*, 774 F. 3d at 1335. A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *U.S. Postal Service v. Post Office Associates, LLLP*, 2011 WL 1792704, *3 (M.D. Fla. 2011) (quoting *Ashcroft v. Iqbal*, 566 U.S. 662 (2009)). The pleadings, however, need only be adequate to put the opposing party on notice of its claims and appear possible that the claimant can state a cause of action to survive a motion for judgment on the pleadings. *Id.* at *5-6.

Only in the rare and extreme circumstances that this Court finds it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations should judgment on the pleadings be granted. *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) *aff'd*, 719 F.3d 1245 (11th Cir. 2013)

The case at hand is not an example of the "rare and extreme circumstances" which are required to warrant entry of a judgment on the pleadings. Rather, here, the pleadings demonstrate that the LH Defendants have adequately put Hallmark on notice of their claims, and have properly stated causes of action for declaratory judgment and reformation against Hallmark. Hallmark's Motion should therefore be denied.

### IV. HALLMARK IS NOT ENTITLED TO JUDGMENT ON THE PLEADINGS, AS A MATTER OF LAW

#### A. *The Pleadings Filed in this Matter Raise Numerous Questions of Material Fact that Preclude Judgment as a Matter of Law*

In reviewing the motion, the Court must provide the LH Defendants with all favorable inferences and accept the allegations in the LH Defendants' counterclaim as true. There are several issues in the pleadings that are disputed between Hallmark and the LH Defendants that preclude judgment on the pleadings as a matter of law. First, the LH Defendants alleges that "due to a mutual, or alternatively, unilateral, mistake, Hallmark erroneously issued the Policy to a company that never existed – Lion Heart Surgical Equipment Corp. – instead of Lion Heart Surgical Supply Corp." D.E. 49 at ¶ 39; D.E. 59 ¶ at 39.  This allegation alone is sufficient to deny Hallmark's motion. Second, Conde reasonably believed that PAG, the insurance broker or agent, corrected the mistake and the Policy afforded coverage for the LH Defendants. D.E. at ¶¶ 20, 40; D.E. 59 ¶¶ 20, 40. Third, the LH Defendants contacted PAG and were provided with a COI listing "Lion Heart Surgical Equipment Corp." as the named insured. *Id.* at ¶ 19; *see also* D.E. 59 at ¶ 19. These disputed facts are material as they demonstrate the LH Defendants' true intention was to insure Lion Heart Surgical Supply Corp., and not a non-existent entity as Hallmark incredulously suggests. In short, while it is obvious that the Policy contains an error with regard to the name of the insured, at a minimum, there is a clear dispute as to who the correct named insured is and/or whether Hallmark made a simple (or mutual) mistake when it insured a non-existent entity.

Moreover, questions of fact arise when an "ambiguous contract term forces the court to turn to extrinsic evidence of the parties' intent, such as precontract negotiations, to interpret the disputed term." *Lawyers Title Ins. Corp. v. JDC (Am.) Corp.,* 52 F.3d 1575, 1580 (11th Cir. 1995); *see also First Jackson Capital & Mgmt., LLC v. Falcone Group, LLC*, 09-80797-CIV, 2010 WL 11647370, at *14 (S.D. Fla. Apr. 15, 2010) ("the question of whether or not the parties'

5

negotiations produced a binding agreement that is not embodied in the signed document is a question of intent, which in turn is a question of fact"). This matter will undoubtedly require the court to turn to extrinsic evidence such as the parties' communications, Hallmark's (and/or USG's) underwriting file, and the parties' intentions. *U.S. Postal Service*, 2011 WL 1792704, *5 ("federal courts have recognized that parol evidence is admissible to prove a mutual mistake by a party seeking reformation of a contract").  For example, extrinsic evidence and discovery will be required regarding the role that USG (the company to whom PAG Insurance submitted Lion Heart Surgical Supply Corp.'s application for insurance) played in issuing coverage. Who performed the underwriting functions, including evaluating the risk and determining the premium to insure a non-existent company? Did USG or Hallmark conduct any inquiry during the underwriting process to determine whether Hallmark was issuing an insurance policy to a company that does not exist?

The LH Defendants have set forth extrinsic evidence (which Hallmark disputes) that they attempted to correct the named insured on the policy twice, that they submitted payment from the correctly named inured, and that their intentions were to insure Lion Heat Surgical Supply Corp. – not a non-existent entity. *See* D.E. 49 ¶¶ 13, 17, 19, 20. This Court will also need to examine, through extrinsic evidence, whether Hallmark made a simple or mutual mistake (as discussed below), whether PAG and/or USG informed Hallmark of the corrected entity, and whether Hallmark had actual or constructive knowledge of the correct name of the insured entity in its underwriting file.

Additionally, there are material questions of fact regarding PAG and USG's respective roles in issuing the Policy that preclude judgment on the pleadings. For example, it is unknown

6

whether PAG was a captive agent[2] of Hallmark. If PAG is a captive agent, then any mistake made by PAG is imputed to Hallmark as a matter of law. *See Amstar Ins. Co. v. Cadet*, 862 So. 2d 736, 740 (Fla. 5th DCA 2003) ("Insurance agents are sometimes referred to by the courts as a "captive agents." Because of the agency relationship, the acts of an insurance agent are generally attributable to and binding upon the insurance company"). PAG sent an email with the subject line "Lion Heart Supply Corp. Binder" attaching a "Lion heart Surgical Supply Corp. Bind. App.pdf." to USG, whose role is presently unknown. D.E. 49 ¶ 16. Although the body of the email erroneously refers to "Lion Heart Surgical Equipment, Corp." USG would have only received records from Lion Heart Surgical Supply Corp. since Lion Heart Surgical Equipment Corp. never existed.

Hallmark is not prejudiced by having to defend Lion Heart Surgical Supply Corp. and its officers, Nascimento and Conde, in the underlying lawsuit. Ostensibly, it would not have charged a higher premium if it learned it was insuring a company that actually existed. And according to Hallmark's complaint, if a single word in the named insured line on the declarations page was different ("Supply" instead of "Equipment"), it would be defending and indemnifying the LH Defendants without issue. Accordingly, Hallmark's motion should be denied as a matter of law because the pleadings create questions as to material issues of fact.

      **B.**     ***The Court May Reform the Policy Due to a "Simple Mistake"***

It is well-settled that a court may reform a contract due to a "simple mistake." *See Lumbermens Mutual Casualty Co. v. Martin*, 399 So. 2d 536, 537 (Fla. 3d DCA 1981) ("a simple mistake had been made, the policy was properly reformed to change the named insured"); *see also*

---

[2] Captive agents sell only a named carrier's policies while non-captive agents may represent and sell policies from several companies. *Straw v. Associated Doctors Health & Life*, 728 So. 2d 354, 357 at fn. 2 (Fla. 5th DCA 1999)

*Hanover Ins. Co. v. Publix Market, Inc.*, 198 So. 2d 346 (Fla. 4th DCA 1967) (insurance policy, which incorrectly name non-existent entity as insured, reformed to name correct entity). In *Publix Market,* the policy erroneously insured Taft-Hollywood Merchants Association, Inc., which was a non-existent non-profit corporation at the time the policy was issued and never came into being. *Id.* at 347. Taft-Hollywood Merchants Association was an unincorporated association composed of a number of merchants occupying space in the shopping center. *Id.* Months after the policy was issued, a platform collapsed resulting in several claims for personal injuries. *Id.* The insurance company refused to accept responsibility and took the position the insured was the non-existent non-profit corporation named in the policy, not Taft-Hollywood Merchants Association. *Id.* After hearing evidence at the final hearing, the trial judge entered a decree reforming the policy so that the named insured be described as "Taft-Hollywood Merchants Association, not incorporated to conform to the true intent of the parties." *Id.*

The facts of this action are very similar to *Publix Market*. Here, Hallmark issued a policy to Lion Heart Surgical *Equipment*, Corp., which was a non-existent corporation that never existed or came into being. Hallmark has refused to accept responsibility and has taken the position that the insured is the non-existent corporation, Lion Heart Surgical *Equipment*, Corp. Like the plaintiff in *Publix Market*, the LH Defendants seek to reform the policy by changing one word in the policy to reflect the true intent of the parties so that Lion Heart Surgical *Supply*, Corp. is the named insured.

Hallmark's contention that the policy may only be reformed due to a "mutual mistake" is simply not true. Further, because there is an issue of fact as to whether a mutual mistake occurred (i.e. neither Lion Heart Surgical Supply Corp. nor Hallmark intended to insure a non-existent business), judgment on the pleadings would be improper. *See, e.g., U.S. Postal Serv. v. Post Office Assocs., L.L.L.P.*, 2011 WL 1792704, at *5 (M.D. Fla. Apr. 22, 2011), *report and recommendation*

*adopted*, 2011 WL 1806598 (M.D. Fla. May 11, 2011)(motion for judgment on the pleadings denied where allegations of mutual mistake and counterclaim for reformation alleged sufficient details for claim); *see also, Breckenridge v. ASB Allegiance Realty Fund,* 2011 WL 13302514, at *2 (M.D. Fla. Nov. 2, 2011) (summary judgment improper because disputed issues of material fact existed as to whether there as a mutual mistake). Hallmark's motion should therefore be denied.

### C. The LH Defendants Have Sufficiently Alleged a Claim for Reformation

A court of equity has the power to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true intention or agreement of the parties to the instrument. *See Goodall v. Whispering Woods Ctr., L.L.C.,* 990 So. 2d 695, 699 (Fla. 4th DCA 2008). A mistake is mutual when the parties agree to one thing and then, due to either a scrivener's error or inadvertence, express something different in the written instrument. *Id.* "Reformation is also is proper when there is a mistake on the part of one side of the transaction and inequitable conduct on the part of the other side." *Id.*

The LH Defendants sufficiently alleged that the policy should be reformed due to mistake. At a minimum, a mutual mistake occurred because Hallmark ostensibly did not intend to insure a non-existent company, just as the LH Defendants did not seek to insure a similarly named company that never existed. The LH Defendants alleged that "due to a mutual, or alternatively unilateral, mistake Hallmark erroneously issued the Policy to a company that never existed – Lion Heart Surgical Equipment Corp. – instead of Lion Heart Surgical Supply Corp." *See* D.E. 49 ¶ 38. The LH Defendants attempted twice to correct the named insured and reasonably believed the error had been corrected after receiving a COI that indicated Lion Heart Surgical Supply Corp. as the named insured. *Id.* at ¶¶ 39-40. The LH Defendants' repeated attempts to correct the mistake demonstrates that their true intention was to insure the LH Defendants and not a non-existent entity. Hallmark's contention that the parties' intention was to insure a non-existent entity is

9

absurd. Moreover, whether there was inequitable conduct on the part of Hallmark, or its agent USG, is question of fact that requires further discovery, such as Hallmark's underwriting file that will reveal that Hallmark had actual and/or constructive knowledge of the correct entity, yet still issued the policy to a non-existent entity. Accordingly, the LH Defendants have adequately alleged a claim for reformation, or at a minimum, a question of fact remains as to how the mistake was made and the true intentions of the parties. Hallmark's motion should be denied.

> D. *The LH Defendants Have Sufficiently Alleged a Claim for Declaratory Judgment*

In order to bring a declaratory judgment action, there must be a bona fide dispute between the parties and an actual, present need for the declaration of their rights under a statute, regulation, or contract. *Britamco v. Underwriters, Inc. v. Cent. Jersey Inv., Inc.,* 632 So. 2d 138, 139 (Fla. 4th DCA 1994). Hallmark does not challenge the adequacy of the LH Defendants' Declaratory Judgment claim, but rather claims the issues will be resolved by another claim (i.e. reformation).

First, as described above, the material facts of this action are in dispute between the parties (*e.g.* whether a mistake was made by Hallmark, the intentions of the parties, etc.), which precludes judgment on the pleadings as a matter of law. Second, it is well-settled that a party may state as many separate claims or defenses as it may have, regardless of consistency and whether based on legal or equitable grounds or both. *See Mooney v. Henkin*, 8:13-CV-3213-T-26AEP, 2014 WL 523034, at *3, Fn. 9 (M.D. Fla. Feb. 9, 2014)(citing Fed. R. Civ. P. 8(d)(3)("A party may state as many separate claims or defenses as it has, regardless of consistency."); *see also Royal Palm Corporate Ctr. Ass'n v. PNC Bank, NA,* 89 So. 3d 923, 932 (Fla. 4th DCA 2012). Thus, the LH Defendants are not precluded from bringing claims for declaratory judgment and reformation regardless of any overlap. *See* Fed. R. Civ. P. 8(d)(3). As such, Hallmark's motion should be denied.

WHEREFORE, for the foregoing reasons, Hallmark's motion for judgment on the pleadings should be denied.

DATED:  November 4, 2020

                                          Respectfully submitted,

**WOLFE | PINCAVAGE**
2937 SW 27th Avenue, Suite 302
Miami, FL 33133
Office: 786.409.0800

By:   /s/ Danya J. Pincavage, Esq.
Danya J. Pincavage
Fla. Bar No.: 14616
danya@wolfepincavage.com
Omar Ali-Shamaa
Fla. Bar No.: 121461
omar@wolfepincavage.com

*Attorneys for Lion Heart Surgical Supply, LLC, Lion Heart Surgical Supply Corp., Fabian Conde and Janaina D. Nascimento*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November 2020, the foregoing was filed with the Court's CM/ECF system, which will send notice to the parties in this ligation *via* Email as follows:

| | |
|---|---|
| Rory Eric Jurman, Esq.<br>Hinshaw & Culbertson LLP<br>One East Broward Blvd, Suite 1010<br>Ft. Lauderdale, FL 33301<br>rjurman@hinshawlaw.com<br><br>*and*<br><br>William C. Morison<br>wcm@morisonproughlaw.com<br>Morison & Prough, LLP<br>2540 Camino Diablo, Suite 100<br>Walnut Creek, CA 94597<br>Phone: 925-937-9990<br>Fax: 925-937-3272<br>*Counsel for Hallmark Specialty Insurance Company* | Gus Michael Centrone<br>gcentrone@kmf-law.com<br>James E. Felman<br>jfelman@kmf-law.com<br>Katherine Earle Yanes<br>kyanes@kmf-law.com<br>Kynes Markman & Felman, P.A.<br>PO Box 3396<br>Tampa, FL 333601<br>Phone: 813-229-1118<br>Fax: 813-221-6750<br>*Counsel for Defendant XS Supply, LLC* |
| Alice R. Huneycutt<br>Florida Bar No. 293105<br>STEARNS WEAVER MILLER WEISSLER<br>ALHADEFF & SITTERSON, P. A.<br>SunTrust Financial Centre, Suite 2100<br>401 E. Jackson Street (33602)<br>Post Office Box 3299<br>Tampa, Florida  33601<br>Telephone:  (813) 222-5031<br>Facsimile:  (813) 222-5089<br>Primary: ahuneycutt@stearnsweaver.com<br>Secondary: mkish@stearnsweaver.com<br><br>*and*<br><br>Geoffrey Potter<br>(NY Bar No: 2252302)<br>Joshua R. Stein<br>(NY Bar No: 5387394)<br>Jacqueline Lash<br>(NY Bar No: 5534953) | |

| | |
|---|---|
| PATTERSON BELKNAP WEBB & TYLER LLP<br>1133 Avenue of the Americas<br>New York, NY 10036-6710<br>Telephone: (212) 336-2000<br>Fax: (212) 336-2222<br>gpotter@pbwt.com<br>jstein@pbwt.com<br>jlash@pbwt.com<br><br>*Attorneys for Defendants Johnson & Johnson, Ethicon, Inc., and Ethicon US, LLC* | |

                          By:    /s/ Danya J. Pincavage
                                  Danya J. Pincavage

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of November 2020, the foregoing was filed with the Court's CM/ECF system, which will send notice to the parties in this ligation *via* Email as follows:

Rory Eric Jurman, Esq.
Jenelle La Chuisa, Esq.
Hinshaw & Culbertson LLP
One East Broward Blvd, Suite 1010
Ft. Lauderdale, FL 33301
rjurman@hinshawlaw.com
jlachuisa@hinshawlaw.com

*and*

William C. Morison
wcm@morisonproughlaw.com
Morison & Prough, LLP
2540 Camino Diablo, Suite 100
Walnut Creek, CA 94597
*Counsel for Hallmark Specialty Insurance Company*

By:   /s/ Danya J. Pincavage
           Danya J. Pincavage