UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-61483-RAR

HALLMARK SPECIALTY
INSURANCE COMPANY,

        Plaintiff,

v.

LION HEART SURGICAL
SUPPLY, LLC, *et al.*,

        Defendants.
_____/

LION HEART SURGICAL
SUPPLY, LLC, *et al.*,

        Counter-Plaintiffs,

v.

HALLMARK SPECIALTY
INSURANCE COMPANY,

        Counter-Defendant.
_____/

## ORDER DENYING PLAINTIFF'S AMENDED MOTION
## FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** comes before the Court on Plaintiff/Counter-Defendant Hallmark Specialty Insurance Company's ("Hallmark") Amended Motion for Judgment on the Pleadings [ECF No. 60] ("Motion"), filed on October 21, 2020. Defendants/Counter-Plaintiffs Lion Heart Surgical Supply LLC, Lion Heart Surgical Supply Corp., Fabian Conde, and Janaina D. Nascimento ("LH Defendants") filed a Response on November 4, 2020 [ECF No. 61] ("Response"), which Defendants Johnson & Johnson, Ethicon, Inc., and Ethicon US, LLC joined [ECF No. 62]. Hallmark filed its Reply on November 11, 2020 [ECF No. 63] ("Reply"), and the Court held a

hearing on the Motion on December 10, 2020 ("Hearing"). *See* Paperless Minute Entry [ECF No 66]. Having reviewed the Motion, Response, and Reply, heard from the parties, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **DENIED** as set forth herein.

## BACKGROUND

Hallmark seeks a declaratory judgment that the LH Defendants and the XS Defendants[1] were not insured under the subject liability insurance policy ("Policy") and that Hallmark is therefore not required to indemnify or defend them in an underlying lawsuit in the U.S. District Court for the Middle District of Florida.[2] *See generally* Am. Compl. [ECF No. 41]. Specifically, Hallmark contends that because the Policy names "Lion Heart Surgical Equipment, Corp." as the insured—and not "Lion Heart Surgical Supply Corp." or any other entities that are defendants in the Underlying Action—the LH Defendants and XS Defendants are not entitled to defense or indemnification under the Policy. *Id.* ¶¶ 27-33. In their Answer, the XS Defendants admit that they are not covered by the Policy. *See* Answer of XS Defendants [ECF No. 50] ¶¶ 31-33.

The LH Defendants, however, insist that Lion Heart Surgical Supply Corp. is the entity that sought coverage and should have been named in the Policy, and that Lion Heart Surgical Equipment Corp. does not even exist. *See* Resp. at 5. The LH Defendants filed a Counterclaim seeking declaratory judgment that they are entitled to defense and indemnification pursuant to the Policy and requesting that the Court reform the Policy to name Lion Heart Surgical Supply Corp. as intended by the parties. *See generally* Counterclaim [ECF No. 49].

---

[1] The XS Defendants include XS Supply, LLC, Jon M. Bird, Tyler Berger, Ivan Rodimushkin, David W. Longdue III, and Brendon Thomas.

[2] In the underlying proceeding—Case No. 8:19-cv-1673-T-33AEP ("Underlying Action")—Defendants Johnson & Johnson, Ethicon, Inc., and Ethicon US, LLC are suing the LH Defendants and XS Defendants for allegedly importing and selling counterfeit medical products. *See* Am. Compl. ¶ 14.

In the Motion, Hallmark contends that it is entitled to judgment on the pleadings because the undisputed facts therein demonstrate that the LH Defendants were not named as insured entities in the Policy. *See* Mot. at 6-7. Hallmark also argues that the LH Defendants' claim for reformation of the contract fails because the pleadings establish that there was no mutual mistake regarding the "Named Insured" in the Policy. *See id.* at 9-13. Specifically, Hallmark cites the fact that the LH Defendants' insurance broker, PAG Insurance Services, Inc. ("PAG"), gave Hallmark written instructions to name Lion Heart Surgical Equipment Corp. as the insured entity in the Policy, and that Hallmark therefore made no mistake and the Policy accurately reflects the parties' agreement. *Id.* at 3, 13.

## LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[j]udgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir.2001)). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party. If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* (citation omitted).

## ANALYSIS

As discussed at the Hearing, Hallmark is not entitled to judgment on the pleadings because, viewing the material facts in the light most favorable to the LH Defendants, Hallmark has not established that reformation of the Policy would be precluded in this case. "[A] court of equity has the power to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true intention or agreement of the parties to the instrument."

*Tobin v. Michigan Mut. Ins. Co.*, 948 So. 2d 692, 696 (Fla. 2006) (quoting *Providence Square Ass'n, Inc. v. Biancardi*, 507 So. 2d 1366, 1369 (Fla. 1987)) (internal quotation marks omitted). "A cause of action for reformation 'must allege that, as a result of a mutual mistake or a unilateral mistake by one party coupled with the inequitable conduct of the other party, the . . . contract fails to express the agreement of the parties.'" *White v. Fort Myers Beach Fire Control Dist.*, 302 So. 3d 1064, 1073 (Fla. 2d DCA 2020) (quoting *Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 649 (Fla. 3d DCA 2006)).

"A mistake is mutual when the parties agree to one thing and then, due to either a scrivener's error or inadvertence, express something different in the written instrument." *Id.* (internal quotation and citation omitted). The party seeking reformation must establish by clear and convincing evidence that what was written in the contract does not reflect the true agreement of the parties. *Essex Ins. Co. v. Tina Marie Entm't, LLC*, 602 F. App'x 471, 473 (11th Cir. 2015). Courts have recognized that the concept of reformation applies where the "named insured" in an insurance contract does not "accurately reflect the mutual intent of the contracting parties as to who was to be designated a 'named insured.'" *Tobin*, 948 So. 2d at 696.

Here, the Court disagrees with Hallmark's contention that the undisputed facts on the face of the pleadings foreclose reformation of the Policy. Hallmark's position is essentially that the incorrect name on the Policy could not have resulted from a mutual mistake because Hallmark named the entity that the LH Defendant's insurance broker instructed it to name, and the LH Defendants never contacted Hallmark before the Underlying Action to question the named insured. The LH Defendants argue that these facts do not preclude reformation and point to several facts suggesting a mistake occurred. For example, they allege that they instructed PAG to correct the Named Insured on the Policy and subsequently received a Certificate of Insurance from PAG that indicated Lion Heart Surgical Supply Corp. as the insured. *See* Counterclaim ¶¶ 39-41. They also

allege that Lion Heart Surgical Equipment, Corp. never existed, and that Lion Heart Surgical Supply Corp. paid the insurance premium from an account bearing the name "Lion Heart Surgical Supply." *Id.* ¶ 17, 38.

The Court agrees with the LH Defendants that extrinsic evidence and discovery may be necessary to establish whether there was a mutual mistake in this case. *See, e.g., Fed. Ins. Co. v. Donovan Indus., Inc.*, 75 So. 3d 812, 815 (Fla. 2d DCA 2011) ("Although ordinarily a writing will be looked to as the only expression of the parties' intent, in a reformation action in equity, parol evidence is admissible to demonstrate that the true intent was other than as expressed in the writing."). Whether any mistake occurred is a question of fact that requires evidence of the parties' intent at the time of the agreement—and the facts on the face of the pleadings are inconclusive on this issue. For example, discovery regarding Hallmark's underwriting process and contemporaneous communications may shed light on which entity Hallmark intended to insure.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff/Counter-Defendant Hallmark Specialty Insurance Company's Amended Motion for Judgment on the Pleadings [ECF No. 60] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 10th day of December, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**