# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

HALLMARK SPECIALTY INSURANCE
COMPANY,

          Plaintiff,

v.

LION HEART SURGICAL SUPPLY LLC, LION
HEART SURGICAL SUPPLY CORP., FABIAN
CONDE, JANAINA D. NASCIMENTO, JOHNSON
& JOHNSON, ETHICON, INC., ETHICON US, LLC,
XS SUPPLY, LLC, JON M. BIRD, TYLER BERGER,
IVAN RODIMUSHKIN, DAVID W. LONGDUE III,
and BRENDAN THOMAS,

          Defendants.

and

LION HEART SURGICAL SUPPLY CORP.,
FABIAN CONDE, and JANAINA D.
NASCIMENTO,

          Counter-Plaintiffs,

v.

HALLMARK SPECIALTY INSURANCE
COMPANY,

          Counter-Defendant.

_____/

Case No.  20-CIV-61483-RAR

## JOINT PROPOSED JURY INSTRUCTIONS

Plaintiff/cross-defendant   HALLMARK   SPECIALTY   INSURANCE   COMPANY,

Defendants LION HEART SURGICAL SUPPLY LLC, LION HEART SURGICAL SUPPLY

CORP., FABIAN CONDE, JANAINA NASCIMENTO, JOHNSON & JOHNSON, ETHICON,

INC., ETHICON US, LLC, XS SUPPLY, LLC, JON M. BIRD, TYLER BERGER, IVAN

RODIMUSHKIN, DAVID W. LONGDUE III, and BRENDAN THOMAS, and cross-complainants

LION HEART SURGICAL SUPPLY CORP., FABIAN CONDE, and JANAINA NASCIMENTO, by and through the respective undersigned counsel, hereby submit their Joint Proposed Jury Instructions, as follows:

** Pursuant to the Court's Order Setting Jury Trial Schedule [D.E. 46], instructions proposed only by Hallmark are <u>underlined</u> and instructions proposed only by a defendant are *italicized.* **

2

## PROPOSED JURY INSTRUCTION NO. 1
## <u>GENERAL PRELIMINARY INSTRUCTIONS</u>

<u>Members of the jury</u>:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I will give you more detailed instructions at the end of the trial.

<u>The jury's duty</u>:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It is my job to provide you with the law you must apply and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

You may choose to believe or disbelieve evidence presented. Your job is to give each piece of evidence whatever weight you think it deserves while applying the applicable burden of proof.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

1024140\308317234.v1

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses:</u>

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it.

When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

1024140\308317234.v1

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case:</u>

**Plaintiff suggests:**

<u>This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. Plaintiff, Hallmark Specialty Insurance Company ("Hallmark") seeks a declaration that it does not owe a duty to defend or indemnify Defendants Lion Heart Surgical Supply Corp. ("LHSSC"), Lion Heart Surgical Supply LLC ("LHLLC"), Fabian Conde, and Janaina D. Nascimento (collectively, the "LH Defendants") or  XS Supply LLC, Jon M. Bird, Tyler Berger, Ivan Rodimushkin, David W. Longdue III, and Brendan Thomas (collectively, the "XS Supply Defendants"), in a lawsuit filed by Johnson & Johnson, Ethicon, Inc., and Ethicon US, LLC (collectively, "Ethicon") because the LH Defendants and XS Supply Defendants are not insureds and do not qualify as insureds under the Hallmark liability insurance policy.  Hallmark further contends that, even if any of the LH Defendants could qualify as an insured under the Hallmark Policy, the Policy's Criminal Acts Exclusion precludes coverage for the Underlying Action because LHLLC's principal, Nascimento, pled guilty in federal court to criminal acts that form the entire basis of the Underlying Action against the LH Defendants.</u>

<u>Hallmark has the burden of proving its case and affirmative defenses by what the law calls a "preponderance of the evidence."  To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony</u>

1024140\308317234.v1

of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.  That means Hallmark must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring Hallmark and the evidence favoring a Defendant on opposite sides of balancing scales, Hallmark needs to make the scales tip to its side.

Defendants have the burden of proving a mutual mistake and reformation by "clear and convincing evidence."  "Clear and convincing evidence" is a higher burden of proof than a preponderance of the evidence.  "Clear and convincing evidence" is "evidence that produces in the mind of the jury a firm believe or conviction, without hesitancy, as to the truth of the allegations sought to be established."  All other claims, facts, and affirmative defenses defendants must prove by a preponderance of the evidence.

The standard of "clear and convincing evidence" can apply only to Defendants and never to Hallmark.  The different standards of proof apply as a matter of law and may not be disregarded by you.

**Defendants suggest:**

*This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Hallmark Specialty Insurance Company ("Hallmark" or "Plaintiff") issued an insurance policy to Lion Heart Surgical Equipment Corp on August 23, 2018.  Hallmark contends that the policy was correctly issued to this entity.  The Lion Heart Defendants, Lion Heart Surgical Supply Corp. ("Supply Corp") Lion Heart Surgical Supply, LLC ("Supply LLC"), Fabian Conde ("Conde") and Janaina D. Nascimento ("Nascimento") contend that Lion Heart Surgical Equipment Corp. has not ever existed, and that they intended to insure Supply Corp. However, due to a mistake or several*

1024140\308317234.v1

*mistakes during the policy application and issuance process, the policy was issued to a non-existent company, and not Supply Corp. as intended.*

*The Lion Heart Defendants have the burden of proving its case and affirmative defenses by either "preponderance of the evidence" or "clear and convincing evidence." I will instruct you when either standard applies.*

*To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence. That means the Lion Heart Defendants must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring the Lion Heart Defendants and the evidence favoring Hallmark on opposite sides of balancing scales, the Lion Heart Defendants need to make the scales tip to its side.*

*To decide whether any fact has been proved by clear and convincing evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. "Clear and convincing evidence" is "evidence that produces in the mind of the jury a firm believe or conviction, without hesitancy, as to the truth of the allegations sought to be established."*

<u>Burden of proof</u>:

Hallmark has the burden of proving its case by what the law calls a "preponderance of the evidence." That means Hallmark must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring Hallmark and the evidence favoring a Defendant on opposite sides of balancing scales, Hallmark needs to make the scales tip

to its side. If Hallmark fail to meet this burden, you must find in favor of that Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On the issue of whether a mutual mistake occurred, the Lion Heart Defendants have the burden of proving the elements by "clear and convincing evidence".  "Clear and convincing evidence" is "evidence that produces in the mind of the jury a firm believe or conviction, without hesitancy, as to the truth of the allegations sought to be established."

I'll instruct you on the facts the Lion Heart Defendants must prove for any issue or relief that is subject to the clear and convincing evidence burden of proof.   All facts and issues *other than* mutual mistake and reformation Lion Heart Defendants must prove by a preponderance of the evidence.

<u>Conduct of the jury:</u>

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers' closing arguments, and my instructions on the law - before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.

8

This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Instagram, Snapchat, YouTube, and twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory

or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Hallmark will present its witnesses and ask them questions. After Hallmark questions the witnesses, Defendants may ask the witness questions - this is called "cross- examining" the witness. Then Defendants will present its witnesses, and Hallmark may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

CITATION TO AUTHORITY:

Eleventh Circuit Pattern Jury Instruction 1.1 - General Preliminary Instruction

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**PROPOSED JURY INSTRUCTION NO. 2**
**<u>BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE</u>**

Sometimes defendants will have the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

CITATION TO AUTHORITY:

Eleventh Circuit Pattern Jury Instruction 1.2 – Burden of Proof – Clear and Convincing Evidence

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

## PROPOSED JURY INSTRUCTION NO. 3
## <u>JURY QUESTIONS</u>

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

1024140\308317234.v1

CITATION TO AUTHORITY:

Eleventh Circuit Pattern Jury Instruction 1.4 – Jury Questions

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**PROPOSED JURY INSTRUCTION NO. 4**
**STATEMENTS OF COUNSEL**

     At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

CITATION TO AUTHORITY:

Eleventh Circuit Pattern Jury Instruction 1.5 – Interim Statements (Title Modified)

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

## PROPOSED JURY INSTRUCTION NO. 5
### <u>STIPULATIONS</u>

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.  The following facts are stipulated to by all parties:

1.  Defendant LHLLC was a limited liability of company organized under the laws of Florida, with its principal place of business in Hollywood, Florida.

2.  Defendant LHSSC is a corporation organized under the laws of Florida, with its principal place of business in Hollywood, Florida.

CITATION TO AUTHORITY:

Eleventh Circuit Pattern Jury Instruction 2.1 – Stipulations

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

## PROPOSED JURY INSTRUCTION NO. 6
## <u>USE OF DEPOSITIONS</u>

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

CITATION TO AUTHORITY:

Eleventh Circuit Pattern Jury Instruction 2.2 – Use of Depositions

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**PROPOSED JURY INSTRUCTION NO. 7**
**<u>JUDICIAL NOTICE</u>**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that court has judicially noticed] as proven. You must accept it as true for this case.

CITATION TO AUTHORITY:

Eleventh Circuit Pattern Jury Instruction 2.5 – Judicial Notice (Modified)

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**PROPOSED JURY INSTRUCTION NO. 8**
**COURT'S POST-TRIAL INSTRUCTION TO THE JURY**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations, and decide the case in favor of one party and against the other.  Remember to apply the applicable burdens of proof.

Hallmark must prove its case or affirmative defenses by a preponderance of the evidence. To decide whether Hallmark has proved any fact by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.  If you could put the evidence favoring Hallmark and evidence favoring Defendants on opposite sides of balancing scales, Hallmark needs to  make  the scales tip to its side.

The Lion Heart Defendants have the burden of proving its case and affirmative defenses by either "preponderance of the evidence" or "clear and convincing evidence." I will instruct you when either standard applies.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.  That means the Lion Heart Defendants must prove that, in light of all the evidence, what it claims is more likely true than

not. So, if you could put the evidence favoring the Lion Heart Defendants and the evidence favoring Hallmark on opposite sides of balancing scales, the Lion Heart Defendants need to make the scales tip to its side.

To decide whether any fact has been proved by clear and convincing evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. "Clear and convincing evidence" is "evidence that produces in the mind of the jury a firm believe or conviction, without hesitancy, as to the truth of the allegations sought to be established." The Lion Heart Defendants must prove their case for mutual mistake by "clear and convincing evidence".  All other causes of action must be proved by a preponderance of the evidence.

The different standards of proof apply as a matter of law and may not be disregarded.

You will be provided with a verdict form on which to set forth your decision.

CITATION TO AUTHORITY:

Eleventh Circuit Pattern Jury Instruction No. 3.1- Introduction (Modified).

ACCEPTED _____
REJECTED _____
MODIFIED _____

19

**PROPOSED JURY INSTRUCTION NO. 9**
**THE DUTY TO FOLLOW INSTRUCTIONS – CORPORATE PARTY INVOLVED**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole.   You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

CITATION TO AUTHORITY:

Eleventh Circuit Pattern Jury Instruction No. 3.2.2 - The Duty to Follow Instructions – Corporate Party Involved

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**PROPOSED JURY INSTRUCTION NO. 10**
**CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT BY**
**COUNSEL; COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.  Your own recollection of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.

There's no legal difference in the weight you may give to either direct or circumstantial evidence.

CITATION TO AUTHORITY:

Eleventh Circuit Pattern Jury Instruction No. 3.3 - Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

## PROPOSED JURY INSTRUCTION NO. 11
### CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness, I suggest you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

CITATION TO AUTHORITY:

11th Circuit Pattern Jury Instructions – 3.4 Credibility of Witnesses

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**PROPOSED JURY INSTRUCTION NO. 12**
**IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

CITATION TO AUTHORITY:

Eleventh Circuit Pattern Jury Instructions 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**PROPOSED JURY INSTRUCTION NO. 13**
**RESPONSIBILITY FOR PROOF BY PLAINTIFF/HALLMARK - A PREPONDERENCE OF THE EVIDENCE**

Plaintiff/Hallmark has the responsibility to prove every essential part of its claim or affirmative defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Hallmark's claim or affirmative defense is more likely true than not true. If the proof establishes any essential part of a claim or contention by a preponderance of the evidence, you should find for Hallmark. In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. Hallmark must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring Hallmark and the evidence favoring Defendants on opposite sides of balancing scales, Hallmark needs to make the scales tip to its side.

In regard to claims against Hallmark as a Cross-Defendant, Hallmark has no responsibility to disprove Cross-Complainant /the LH Defendants' claims. Hallmark has the responsibility to prove its affirmative defenses against those claims by a preponderance of the evidence.

CITATION TO AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instructions 3.7.1 Responsibility for Proof Plaintiff' Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence (Modified)

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**PROPOSED JURY INSTRUCTION NO. 14**
**RESPONSIBILITY FOR PROOF BY THE LION HEART DEFENDANTS –**
**AFFIRMATIVE DEFENSES -  PREPONDERANCE OF THE EVIDENCE**

In this case, the Lion Heart Defendants have asserted affirmative defenses to Hallmark's claims. Even if Hallmark proves its claim(s) by a preponderance of the evidence, the Lion Heart Defendants can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Lion Heart Defendants affirmative defenses of unclean hands and ripeness are more likely true than not true. If the proof establishes any essential part of a claim or contention  by a preponderance of the evidence, you should find for the Lion Heart Defendants.  In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. The Lion Heart Defendants must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring the Lion Heart Defendants and the evidence favoring Hallmark on opposite sides of balancing scales, the Lion Heart Defendants need to make the scales tip to its side.

I caution you that the Lion Heart Defendants do not have to disprove the Hallmark's claim(s), but if the Lion Heart Defendants raise an affirmative defense which requires proof by preponderance of evidence standard, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

CITATION TO AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instructions 3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence (Modified)

ACCEPTED _____        REJECTED _____              MODIFIED _____

1024140\308317234.v1

**PROPOSED JURY INSTRUCTION NO. 15**
**RESPONSIBILITY FOR PROOF BY DEFENDANTS - CLEAR AND CONVINCING**
**EVIDENCE (MUTUAL MISTAKE AND REFORMATION) AND PREPONDERANCE OF**
**THE EVIDENCE (OTHER FACTS AND ISSUES)**

In this case, the Lion Heart Defendants assert claims and affirmative defenses of mutual mistake and reformation. Defendants can only prevail in this case on the facts and issues regarding mutual mistake and reformation if they prove their case or affirmative defenses by "clear and convincing" evidence. "Clear and convincing evidence" is "evidence that produces in the mind of the jury a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established."

Other than mutual mistake and reformation, Defendants must prove their case or affirmative defense by a preponderance of the evidence.

CITATION TO AUTHORITY: *Golden Door Jewelry Creations v. Lloyds Underwriters Non-Marine Ass'n*, 8 F.3d 760, 765 (11th Cir. 1993); *Continental Cas. Co. v. City of Ocala*, 127 So. 894, 895 (Fla. 1930).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

## PROPOSED JURY INSTRUCTION NO. 16
### 404.7 ISSUES ON CLAIM

**Plaintiff suggests:**

The parties have stipulated that the policy was issued to an entity that was not named as a defendant in the Underlying Action.  The parties have stipulated that the policy was not issued to the entities named as defendants in the Underlying Action.  The issue you must decide is whether, by "clear and convincing evidence", a mutual mistake was made by *both* the LH defendants and Hallmark in listing the "Named Insured" on the Hallmark Policy other than as the LH defendant entities.  If not, you need not decide any further issues in this case.  If so, you need to decide which entity Defendants are "insureds" under the Hallmark Policy, by clear and convincing evidence.

Only if the LH defendants prove by clear and convincing evidence that a Defendant is or qualifies as an insured under the Hallmark Policy, you must then decide whether the LH defendants prove by a preponderance of the evidence that the Underlying Action comes within the insuring grant of the Hallmark Policy.  Only if the LH defendants prove by a preponderance of the evidence that the Underlying Action comes within the insuring grant of the Hallmark Policy, you must then decide whether Hallmark proves by a preponderance of the evidence that an exclusion in the Hallmark Policy applies to bar coverage for the Underlying Action. or that a policy condition precedent to coverage applies and bars coverage for the Underlying Action.

If you decide that Hallmark had and has no obligation to the LH Defendants in the Underlying Action, you must decide whether Hallmark is entitled to reimbursement of sums that Hallmark has paid from the LH Defendants.

***Defendant suggests***:

The parties have stipulated that the policy was issued to an entity that was not named as a defendant in the Underlying Action.  One issue you must decide is whether, by "clear and convincing

1024140\308317234.v1

*evidence", a simple or mutual mistake was made in listing a non-existent entity – LSSEC – as the*

*"Named Insured" on the Hallmark Policy.  If not, you need not decide any further issues in this case.*

*If so, you need to decide which Defendant is an "insureds" under the Hallmark Policy, by clear and*

*convincing evidence.*


CITATION TO AUTHORITY:

Florida Standard Jury Instruction 404.7 Issues On Claim (Modified)


ACCEPTED _____
REJECTED _____
MODIFIED_____

## PROPOSED JURY INSTRUCTION NO. 17
## 416.25 AFFIRMATIVE DEFENSE – MUTUAL MISTAKE OF FACT

Defendants/counterclaimants Lion Heart Surgical Supply Corp., Lion Heart Surgical Supply LLC, Fabian Conde, and Janaina D. Nascimento (collectively, the "Lion Heart Defendants") allege that *both* the LH Defendants (or their agent) and Hallmark (or its agent) were mistaken about which entity was to be the named insured.  To establish this defense, the LH Defendants must prove the following by clear and convincing evidence:

1.  The parties were *both* mistaken about the entity that was to be the named insured on the Hallmark policy; and

2.  The LH Defendants did not bear the risk of mistake. A party bears the risk of a mistake when he, she or it is aware at the time the contract was made of facts relating to the mistake but decided to proceed with the contract and failed to correct any facts of which they had notice.

CITATION TO AUTHORITY: Fla. Std. Jury Instr. – Contract & Business Cases 416.25 (2d ed.) (Modified); *Leff v. Ecker*, 972 So.2d 965, 966 (Fla. 3d DCA 2007).


ACCEPTED _____
REJECTED _____
MODIFIED _____

## PROPOSED JURY INSTRUCTION NO. 18
## DUTY TO DELIBERATE

Your verdict must be unanimous – in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  You must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts.   Your only interest is to seek the truth from the evidence in the case and to apply the applicable standards of proof.

CITATION TO AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instructions 3.8.2 Duty to Deliberate When Both Plaintiff and Defendant Claim Damages or When Damages are not an Issue

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

## PROPOSED JURY INSTRUCTION NO. 19
## <u>ELECTION OF A FOREPERSON; EXPLANATION OF VERDICT FORM[S]</u>

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and speak for you in court. A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

CITATION TO AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instructions 3.9 Election of Foreperson Explanation of Verdict Form[s] (Modified)

ACCEPTED _____
REJECTED _____
MODIFIED _____

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 1**
**<u>DEFENSE</u>**

<u>The Hallmark Policy was solely issued to "Lion Heart Surgical Equipment Corp." as the Named Insured. The Underlying Action does not name Lion Heart Surgical Equipment Corp. as a defendant.  The Underlying Action names as entity defendants only Lion Heart Surgical Supply LLC and Lion Heart Surgical Supply Corp.</u>

<u>An insurance company's duty to defend is determined solely from the allegations of the underlying complaint, not by the actual facts nor by a purported insured's version of the facts.  Florida courts are limited to the four corners of the underlying complaint when determining whether an insurer has an obligation to provide a defense to anyone. The issue is whether the underlying complaint on its face alleges facts that bring, or fail to bring, the case within policy coverage. Additionally, an insurer owes no duty to provide a defense when the underlying complaint alleges facts that clearly bring the entire cause of action within a policy exclusion.  The duty to defend does not include any obligation to prosecute a cross-claim on behalf of any party.  Even if an insurer were to have a duty to provide a defense, that insurer owes no obligation to pay any sum to prosecute any cross-claim against anyone in the underlying action nor against any insurance broker.</u>

CITATION TO AUTHORITY:  *See Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So. 2d 533, 535-36 (Fla. 1977); *State Farm Fire & Cas. Ins. Co. v. Comp Pay, Inc.*, 654 So. 2d 944, 945 (Fla. 3rd DCA 1995); *Marr Investments, Inc. v. Greco*, 621 So. 2d 447, 449 (Fla. 4th DCA 1993); *Ins. Co. of No. Am. v. Whatley*, 558 So. 2d 120, 121-22 (Fla. 5th DCA 1990); *Reliance Ins. Co. v. Royal Motorcar Corp.*, 534 So. 2d 922, 923 (Fla. 4th DCA 1988).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 2**
**INDEMNITY**

An insurer's duty to defend an insured is separate and distinct from the question of whether it has a duty to indemnify an insured against the imposition of damages.  If an insurer has no duty to provide a defense to a person or entity, however, that insurer has no obligation to indemnify that person or entity for damages awarded against him, her or it in the underlying action.  If you determine that Hallmark had no obligation to provide a defense in the underlying action, that decision also answers whether Hallmark had any obligation to indemnify anyone (no).

An insurer's duty to indemnify is determined solely by facts proven at trial or during discovery in the underlying action.  An insurer's duty to indemnify is not determined by the underlying plaintiff's mere allegations in the complaint.

CITATION TO AUTHORITY: *IDC Constr., LLC v. Admiral Ins. Co*., 339 F. Supp. 2d 1342, 1349 (S.D. Fla. 2004); *Western World Ins. Co., Inc. v. Cigna Corp.,* 718 F. Supp. 1518, 1520 (S.D. Fla. 1989); *Northland Cas. Co. v. HBE Corp.,* 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) citing *Travelers Ins. Co. v. Waltham Indus. Lab. Corp.,* 883 F.2d 1092, 1099 (1st Cir. 1989)); *Biltmore Constr. Co. v. Owners Ins. Co.,* 842 So.2d 947, 949 (Fla. 2nd DCA 2003); *Grissom v. Commercial Union Ins. Co.,* 610 So.2d 1299, 1306-1307 (Fla. 1st DCA 1992).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 3**
**CONSTRUCTION OF POLICY LANGUAGE**

The scope and extent of insurance coverage is defined by the language and terms of the policy.

Where the language of the policy is plain and unambiguous, it must be enforced as written. It is the

jury's responsibility to enforce the contract according to the plain language of the policy terms.

The Defendants do not allege that the Hallmark Policy is ambiguous.  Because it is undisputed that

the Hallmark policy is clear and unambiguous, the jury must enforce the policy according to its terms

including, without limitation, the definition of the "named insured".  The term "named insured" has

a restrictive meaning and does not apply to entities or persons not specifically named in the policy.

CITATION TO AUTHORITY: *EmbroidMe.com. Inc. v. Travelers Prop. Cas. Co. of Am*, 845 F.3d 1099, 1107 (11th Cir. 2017); *Lawyers Title Ins. Co. v. JDC (America) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995); *Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 819-20 (11th Cir. 1985); *Mt. Hawley Ins. Co. v. Miami River Port Terminal, LLC*, 713 Fed.Appx. 951, 957 (11th Cir. Nov. 16, 2017); *Reuter v. Lancet Indem. Risk Retention Grp. Inc.*, 262 F. Supp. 3d 1341, 1348 (S.D. Fla. 2017); *Philadelphia Indem. Ins. Co. v. Yachtman's Inn Condo Ass'n, Inc.*, 595 F.Supp.2d 1319, 1322 (S.D. Fla. 2009); *Adolfo House Distributing Corp. v. Travelers Property and Cas. Ins. Co.*, 165 F.Supp.2d 1332, 1335 (S.D. Fla. 2001); *Calderon v. Six Rent a Car, LLC*, 2020 U.S. Dist. LEXIS 24247 (S.D. Fla. Feb. 12, 2020), at 21; *Herrera v. Integon Nat'l Ins. Co.*, 2020 U.S. Dist. LEXIS 21597 (S.D. Fla. Feb. 6, 2020) at 13, fn. 4; *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So. 2d 871, 877 (Fla. 2007); *Taurus Holdings, Inc. v. U.S. Fidelity and Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005); *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442-43 (Fla. 2005); *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003); *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000); *Jones v. Utica Mut. Ins. Co.*, 463 So. 2d 1153, 1157 (Fla. 1985); *Farrer v. U.S. Fid. & Guar. Co.*, 809 So. 2d 85, 88 (Fla. 4th DCA 2002); *Union Am. Ins. Co. v. Maynard*, 752 So.2d 1266, 1268 (Fla. 4th DCA 2000); *McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 758 So. 2d 692, 695 (Fla. 4th DCA 1999); *Hagen v. Aetna Cas. & Sur. Co.*, 675 So. 2d 963, 965 (Fla. 5th DCA 1996); *Fla. Power & Light Co. v. Penn Am. Ins. Co.*, 654 So.2d 276, 278 (Fla. 4th DCA 1995); *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So. 2d 810, 815 (Fla. 1st DCA 1985); *United States Fire Ins. Co. v. Morejon*, 338 So.2d 223, 225 (Fla. 3rd DCA 1976).

ACCEPTED _____
REJECTED _____
MODIFIED _____

34

1024140\308317234.v1

## HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 4
## MUTUAL MISTAKE – CLEAR AND CONVINCING EVIDENCE

When interpreting a policy to determine who is covered, no jury may rewrite a contract of insurance extending coverage afforded beyond that plainly set forth in the insurance contract.  The term "named insured" has a restricted meaning and does not apply to persons not specifically named in the policy. There is a strong presumption arising from an insurance policy that it correctly expresses the intention of the parties. With this presumption against reformation, parties seeking to reform a contract must demonstrate not only by a preponderance of the evidence, but rather by clear and convincing evidence, that the policy did not accurately reflect the parties' agreement.  "Clear and convincing evidence" is "evidence that produces in the mind of the jury a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established."  In order to prevail in a claim to reform a policy to change the "Named Insured" under the policy, a claimant must allege and prove by clear and convincing evidence that both parties to the contract were mistaken regarding the which entity was to be the insured under the policy.  Unless the party seeking reformation demonstrates, by clear and convincing evidence, that the contract does not reflect the parties' *mutually* agreed-upon terms (terms agreed upon before the contract was written), no jury may reform the contract, no matter how severely one party may suffer.

CITATION TO AUTHORITY: *Golden Door Jewelry Creations v. Lloyds Underwriters Non-Marine Assn.*, 8 F.3d 760, 765-66 (11th Cir. 1993); *Mt. Hawley Ins. Co. v. Miami River Port Terminal, LLC*, 713 Fed. Appx. 951, 957 (11th Cir. Nov. 16, 2017); *Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, 186 F.Supp.3d 1307, 1326 (M.D. Fla. 2016); *Tobin v. Mich. Mut. Ins. Co.*, 948 So.2d 692, 696 (Fla. 2006).

ACCEPTED _____
REJECTED _____
MODIFIED _____

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 5**
**POLICY REFORMATION CANNOT BE BASED ON A UNILATERAL MISTAKE,**
**I.E., A MISTAKE MADE BY ONLY ONE PARTY TO THE CONTRACT**

Reformation is not an available remedy where only a unilateral mistake is present. When a contract is written as one party understands it, and not as the other party understands it, there are no grounds for reformation.

CITATION TO AUTHORITY: *Mt. Hawley Ins. Co. v. Miami River Port Authority,* 228 F. Supp. 2d 1313, 1327 (S.D. Fla 2017); *Tobin v. Mich. Mut. Ins. Co.*, 948 So.2d 692, 696 (Fla. 2006).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 6**
**INSURER HAS NO LIABILITY FOR CONDUCT OF ANOTHER**

No party to the lawsuit can prevail unless he, she or it has sustained harm as a result of an act or omission by the party from whom they seek relief.  If you find that a party's harm was not caused by the other party, you must find in favor of the other party.

CITATION TO AUTHORITY: *Town of Ponce Inlet v. Pacetta, Ltd. Liab. Co*., 226 So. 3d 303, 316 (Fla. 5th DCA 2017); *Morgan Stanley & Co. v. Coleman (Parent) Holdings Inc.*, 955 So. 2d 1124, 1131 (Fla. 4th DCA 2007).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 7**
**INSURER HAS NO LIABILITY FOR CONDUCT OF ANOTHER**

No party to the lawsuit can prevail against Hallmark for any harm proximately caused and contributed to by others for whom Hallmark bears no responsibility and/or third parties (not Hallmark) were a superseding, intervening cause of the harm.

CITATION OF AUTHORITY: *Goldberg v. Fla. Power & Light Co*., 899 So. 2d 1105, 1116 (Fla. 2005); *Gibson v. Avis Rent-A-Car Sys., Inc.*, 386 So. 2d 520, 522 (Fla. 1980).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 8**
**NO COVERAGE FOR WILLFUL OR INTENTIONAL CONDUCT**
**INTENDED TO HARM PLAINTIFF IN THE UNDERLYING ACTION**

Liability policies do not provide coverage for willful, knowing or intentional conduct that is intended to harm a plaintiff in the Underlying Action.  Hallmark has no obligation to provide a defense or to indemnify any party allegedly liable or liable for willful, knowing or intentional misconduct intended to cause harm.

CITATION TO AUTHORITY: *LaMadrid v. Nat'l Union Fire Ins. Co.*, 567 Fed.Appx. 695, 700 (11th Cir. 2014); *Waste Corp. of Am., Inc. v. Genesis Ins. Co.*, 382 F. Supp. 2d 1349, 1354 (S.D. Fla. 2005); *Am States Ins. Co. v. Pioneer Elec. Co.*, 85 F. Supp. 2d 1337, 1343 (S.D. Fla. 2000); *Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886, 893 (M.D. Fla. 1996); *City of Burlington v. Indem. Ins. Co. of N. Am.*, 332 F.3d 38, 47-48 (Fla. 2nd DCA 2003).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 9**
**PARTY'S OWN NEGLIGENCE; SUPERSEDING, INTERVENING CAUSE OF HARM**

A person or entity that has notice of a mistake, if any, has the obligation to correct that mistake on receipt of the policy.  That person or entity must exercise reasonable and ordinary care, caution or prudence in the conduct of their affairs in order to avoid the alleged harm and damages.  If the party seeking coverage does not exercise reasonable and ordinary care, that person's or entity's harm and damages, if any, are proximately caused and contributed to by that person's or entity's own negligent acts and omissions and/or their own negligent acts or omissions were a superseding, intervening cause of harm, for which they may not recover damages from the insurance company.

CITATION OF AUTHORITY: *Goldberg v. Fla. Power & Light Co*., 899 So. 2d 1105, 1116 (Fla. 2005); *Gibson v. Avis Rent-A-Car Sys., Inc.*, 386 So. 2d 520, 522 (Fla. 1980).

ACCEPTED _____
REJECTED _____
MODIFIED _____

40

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 10**
**RATIFICATION**

An action is ratified either (a) by manifesting assent that the act shall affect a person's or an entity's legal relations, or (b) conduct that justifies a reasonable person to believe that the person or entity so consents.  Ratification of an insurance policy may occur by acceptance of the policy without communicating with the insurance company or its agent regarding any purported mistake of which a person or entity had notice.

CITATION TO AUTHORITY: *GDG Acquisitions LLC v. Gov't of Belize*, 849 F.3d 1299, 1308 (11th Cir. 2017).

ACCEPTED _____
REJECTED _____
MODIFIED _____

## HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 11
## AN INSURED BEARS THE BURDEN OF PROVING THAT ANY CLAIM
## COMES WITHIN THE POLICY INSURING GRANT
## BY A PREPONDERANCE OF THE EVIDENCE

Even if a party is an insured, the insured has the burden to prove by a preponderance of the evidence that a claim comes within the terms of the policy insuring grants of Coverage A or Coverage B.

CITATION TO AUTHORITY: *Pa. Nat'l Mut. Cas. Ins. Co. v. St. Catherine of Siena Parish.*, 790 F.3d 1173, 1180 (11th Cir. 2015); *Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 819 (11th Cir. 1985); *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1516 (11th Cir. 1997); *Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc.*, 721 Fed.Appx. 847, 854 (11th Cir. 2017); *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1357-58 (M.D. Fla. 2001) (quoting *Transcontinental Ins. Co. v. Ice Sys. of Am., Inc.*, 847 F. Supp. 947, 949-50 (M.D.Fla.1994)); *Hudson Ins. Co. v. Double D Mgmt. Co., Inc.*, 768 F.Supp. 1542, 1545 (M.D. Fla. 1991); *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So.2d 435, 442-43 (Fla. 2005); *East Fla. Hauling, Inc. v. Lexington Ins. Co.*, 913 So.2d 673, 678 (Fla. 3rd DCA  2005).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

## HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 12
## INSURING AGREEMENT OF COVERAGE A

Coverage A in the Hallmark Policy provides:

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty do defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)      The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and
(2)      Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverage A and B or medical expenses under Coverage C.

b.      This insurance applies to "bodily injury" and "property damage" only if:
(1)      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"….

The Hallmark policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

The Hallmark policy defines an "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

The Hallmark policy defines "property damage" as

a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

1024140\308317234.v1

<u>"Damages" in the insuring grant includes compensatory damages.  "Damages" does not</u>

<u>include any punitive damages; treble damages; statutory damages that are punitive in nature; civil</u>

<u>penalties; non-monetary relief which includes injunctive relief, accounting of ill-gotten profits, or any</u>

<u>other non-monetary relief such as an order requiring all infringing material be turned over, seized,</u>

<u>impounded and/or destroyed; or any attorney's fees award entered against any insured in an</u>

<u>underlying action.</u>

CITATION TO AUTHORITY: *Pa. Nat'l Mut. Cas. Ins. Co. v. St. Catherine of Siena Parish.*, 790 F.3d 1173, 1180 (11th Cir. 2015); *Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 819 (11th Cir. 1985); *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1516 (11th Cir. 1997); *Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc.*, 721 Fed.Appx. 847, 854 (11th Cir. 2017); *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1357-58 (M.D. Fla. 2001) (quoting *Transcontinental Ins. Co. v. Ice Sys. of Am., Inc.*, 847 F. Supp. 947, 949-50 (M.D.Fla.1994)); *Hudson Ins. Co. v. Double D Mgmt. Co., Inc.*, 768 F.Supp. 1542 (M.D. Fla. 1991); *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So.2d 435, 442-43 (Fla. 2005); *East Fla. Hauling, Inc. v. Lexington Ins. Co.*, 913 So.2d 673, 678 (Fla. 3rd DCA 2005).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

### HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 13
### INSURING AGREEMENT OF COVERAGE B

The insuring agreement for "Coverage B Personal and Advertising Injury Liability" in the policy states:

1.      Insuring Agreement

     a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

          (1)      The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

          (2)      Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

          No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

     b.      This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

The Hallmark policy defines the term covered "personal and advertising injury" as "injury, including 'bodily injury', arising out of one or more of the following offenses:

     a. False arrest, detention or imprisonment;

     b. Malicious prosecution;

     c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

     d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's

1024140\308317234.v1

goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

The Hallmark policy defines the term "advertisement" as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

a. Notices that are published include material placed on the internet or on similar electronic means of communication; and

b. Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

CITATION OF AUTHORITY: *Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co.*, 657 F.3d 1135, 1137-39 (11th Cir. 2011); *Hyman v. Nationwide Mut. Fire Ins. Co.,* 304 F.3d 1179, 1192 (11th Cir. 2002).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 14**
**<u>INSURER BEARS THE BURDEN OF PROVING THAT AN EXCLUSION APPLIES BY A</u>**
**<u>PREPONDERANCE OF THE EVIDENCE</u>**

<u>An insurer must prove that an exclusion applies by a preponderance of the evidence.</u>

CITATION TO AUTHORITY: *Preis v. Lexington Ins. Co.*, 279 Fed.Appx. 940, 943-944 (11th Cir. 2008).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK PROPOSED SPECIAL JURY INSTRUCTION NO. 15**
**HALLMARK CRIMINAL ACTS EXCLUSION**

The Criminal Acts" exclusion in the Hallmark Policy provides that:


This insurance does not apply to:
. . .

d. Criminal Acts

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.


CITATION OF AUTHORITY: *Certain Interested Underwriters at Lloyd's, London v. Axa Equitable Life Ins. Co.*, 981 F.Supp.2d 1302, 1307-08 (S.D. Fla. 2013); *Max Specialty Ins. Co. v. A Clear Title and Escrow Exch., LLC*, 114 F.Supp.3d 1191, 1195 (M.D. Fla. 2013).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 16**
**HALLMARK KNOWING VIOLATION EXCLUSION**

The Hallmark policy includes the following exclusion:

This insurance does not apply to:

a. Knowing Violation Of Rights Of Another

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

CITATION TO AUTHORITY: *Vector Products Inc. v. Hartford Fir Ins. Co.*, 397 F.3d 1316, 1320 (11th Cir. 2005) (citing *National Union Fire Ins. Co. v. Lenox Liquors*, 342 So.2d 532 (Fla. 1977)); *Taurus Holdings, Inc. v. U.S. Fidelity and Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005); *Keen v. Florida Sheriffs' Self-Insurance*, 962 So. 2d 1021, 1024 (Fla. 4th DCA 2007); *Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc.*, 771 So. 2d 579, 582 (Fla. 4th DCA 2000).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 17**
**HALLMARK KNOWING FALSITY POLICY EXCLUSION**

The Hallmark Policy includes the following exclusion:

This insurance does not apply to:

…

b. Material Published With Knowledge Of Falsity

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

CITATION TO AUTHORITY: *Vector Products Inc. v. Hartford Fir Ins. Co.*, 397 F.3d 1316, 1320 (11th Cir. 2005) (citing *National Union Fire Ins. Co. v. Lenox Liquors*, 342 So.2d 532 (Fla. 1977)); *Taurus Holdings, Inc. v. U.S. Fidelity and Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005); *Keen v. Florida Sheriffs' Self-Insurance*, 962 So. 2d 1021, 1024 (Fla. 4th DCA 2007); *Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc.*, 771 So. 2d 579, 582 (Fla. 4th DCA 2000).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

## HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 18
## HALLMARK PRE-POLICY PUBLICATION EXCLUSION

The Hallmark Policy includes the following exclusion:

This insurance does not apply to:

c.        Material Published Prior To Policy Period

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

Exclusion 2.c. applies to bar coverage under Coverage B for "personal and advertising injury" that arises out of the oral or written publication of material whose first publication took place before the beginning of the Hallmark policy period.

The Hallmark policy period began on August 23, 2018.

CITATION TO AUTHORITY: *Vector Products Inc. v. Hartford Fir Ins. Co.*, 397 F.3d 1316, 1320 (11th Cir. 2005) (citing *National Union Fire Ins. Co. v. Lenox Liquors*, 342 So.2d 532 (Fla. 1977)); *Taurus Holdings, Inc. v. U.S. Fidelity and Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005); *Keen v. Florida Sheriffs' Self-Insurance*, 962 So. 2d 1021, 1024 (Fla. 4th DCA 2007); *Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc.*, 771 So. 2d 579, 582 (Fla. 4th DCA 2000).

ACCEPTED _____
REJECTED _____
MODIFIED _____

## HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 19
## <u>HALLMARK'S RIGHT TO REIMBURSEMENT</u>

<u>Hallmark is providing a defense in the Underlying Action subject to a complete reservation of rights, including the right to seek reimbursement of non-covered defense fees costs and indemnity payments. If you find that Hallmark had no coverage obligation in the Underlying Action, Hallmark is entitled to recover all defense fees and costs and indemnity payments made in the Underlying Action from the LH defendants.</u>

<u>An insurer does not breach its duty to defend by offering to defend under a reservation of rights.</u>

CITATION TO AUTHORITY: *Jim Black & Associates, Inc. v. Transcon. Ins. Co.*, 932 So. 2d 516, 518 (Fla. 2nd DCA 2006); *Farrer v. U.S. Fid. & Guar. Co.,* 809 So. 2d 85, 88 (Fla. 4th DCA 2002); *Colony Ins. Co. v. G & E Tires & Serv., Inc.*, 777 So. 2d 1034, 1039 (Fla. 1st DCA 2000).

ACCEPTED _____
REJECTED _____
MODIFIED _____

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 20**
**CONDITIONS PRECEDENT TO INSURANCE COVERAGE**

An insured cannot recover under an insurance policy who does not satisfy all conditions precedent to coverage.

A condition precedent requires the execution of an act after the contract has been entered but before the obligation to perform under the contract. A condition precedent is one that it is to be performed before the agreement becomes effective. The terms of a contract have been agreed on but for some act that must be performed, or some event that must occur, before the contract can bind the parties.

CITATION TO AUTHORITY: *Coconut Key Homeowners Ass'n, Inc. v. Lexington Ins. Co.*, 649 F. Supp. 2d 1363, 1369 (S.D. Fla. 2009); *State Farm Mut. Auto. Ins. Co. v. Curran*, 135 So.3d 1071, 1083 (Fla. 2014); *Racing Props., L.P. v. Baldwin*, 885 So. 2d 881, 882-83 (Fla. 3rd DCA 2004).

ACCEPTED _____
REJECTED _____
MODIFIED _____

53

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 21**
**CONDITION PRECEDENT TO COVERAGE (NOTICE)**

A condition precedent to coverage under the Hallmark Policy requires that an insured notify Hallmark as soon as practicable of any occurrence or offense that may result in a claim, in the manner described in the Hallmark policy and as that term is defined by the Hallmark Policy.  Claims are barred from coverage under the Hallmark Policy to the extent that Defendants failed to comply with the notice requirements of the Hallmark Policy.

An insured's failure to provide timely notice of loss in contravention of a policy condition is a legal basis for denial of recovery under the policy. Notice is necessary when there has been an occurrence or offense that should lead a reasonable prudent person to believe that a claim for damages would arise. The failure to give timely notice creates a rebuttable presumption of prejudice to the insurer.

CITATION TO AUTHORITY: *Coconut Key Homeowners Ass'n, Inc. v. Lexington Ins. Co.*, 649 F. Supp. 2d 1363, 1369 (S.D. Fla. 2009); *Guzy v. QBE Specialty Ins. Co.*, 2019 U.S. Dist. LEXIS 169133 (S.D. Fla. 2019), at 8; *State Farm Mut. Auto. Ins. Co. v. Curran*, 135 So.3d 1071, 1083 (Fla. 2014); *Bankers Ins. Co. v. Macias*, 475 So.2d 1216 (Fla. 1985); *Soronson v. State Farm Fla. Ins. Co.*, 96 So.3d 949, 952-53 (Fla. 4th DCA 2012); *Racing Props., L.P. v. Baldwin*, 885 So. 2d 881, 882-83 (Fla. 3rd DCA 2004); *Ideal Mut. Ins. Co. v. Waldrep*, 400 So.2d 782, 785 (Fla. 3rd DCA 1981).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

### HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 22
### CONDITION PRECEDENT TO COVERAGE (COOPERATION)

A condition precedent to coverage requires that an insured cooperate with Hallmark's investigation of the claim.  Coverage under the Hallmark Policy is barred if the insured failed to cooperate with Hallmark in its investigation of the claim.

The insurer is required to prove the following four elements by a preponderance of the evidence: 1) that the insured failed to cooperate as required in the contract; 2) that the failure was material to the determination of the claim; 3) that the failure caused the insurer substantial prejudice; and 4) that the insurer exercised due diligence and good faith in bringing about the insured's compliance with the cooperation requirement of the contract.

CITATION TO AUTHORITY: *Bankers Ins. Co. v. Macias,* 475 So.2d 1216, 1218 (Fla. 1985); *Ramos v. Nw. Mut. Ins. Co.*, 336 So. 2d 71, 75 (Fla. 1976); *Am. Fire & Cas. Co. v. Collura,* 163 So.2d 784, 788-89 (Fla. 2nd DCA 1964); *Leasing Service Corp. v. Am. Motorists Ins. Co.,* 496 So.2d 847, 850-51 (Fla. 4th DCA 1986).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 23**
**<u>NO CAUSE OF ACTION AGAINST HALLMARK</u>**
**<u>IF HALLMARK HAS DISCHARGED ITS OBLIGATIONS</u>**

<u>Each cause of action against Hallmark is barred when Hallmark has discharged policy</u>

<u>obligations.</u>

<u>Should you determine that Hallmark has discharged its obligations under the Policy, you must</u>

<u>find in favor of Hallmark on the LH Defendants' counterclaim.</u>

CITATION TO AUTHORITY:  *Deary v. Progressive Am. Ins. Co.,* 2021 U.S. Dist. LEXIS 83657
(S.D. Fla. 2021).

ACCEPTED _____
REJECTED _____
MODIFIED _____

56

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 24**
<u>**NO DECLARATORY RELIEF AGAINST HALLMARK WHEN REMEDIES AT LAW**</u>
<u>**(COMPENSATORY DAMAGES) ARE ADEQUATE**</u>
<u>**AND NO FUTURE CONDUCT IS AT ISSUE**</u>

A cause of action for declaratory relief against Hallmark is barred to the extent that remedies at law (compensatory damages) are adequate.

To obtain declaratory relief against Hallmark, the LH Cross-Complainants must establish: 1) that there was a violation; 2) that there is a serious risk of continuing irreparable injury if the relief is not granted; and 3) the absence of an adequate remedy at law. Declaratory relief against Hallmark is improper if a party has an adequate remedy at law.

A cause of action for declaratory relief against Hallmark is barred to the extent that the action for declaratory relief does not allege or involve future conduct.

CITATION TO AUTHORITY: *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005); *Tarver v. Reynolds*, 808 Fed.Appx. 752, 755 (11th Cir. 2020); *Interstate Fire & Cas. Co. v. Kluger, Peretz, Kaplan & Berlin, P.L.*, 855 F. Supp. 2d 1376, 1380 (S.D. Fla. 2012); *Point Conversions, LLC v. Lopane*, 2021 U.S. Dist. LEXIS 5790 (S.D. Fla. 2021), at 15-16.

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 25**
**<u>POLICY LIMITS</u>**

 <u>Subject to all terms, definitions, exclusions, limitations, and conditions, the Hallmark Policy</u>

<u>only provides coverage for claims or losses, if at all, subject to policy limits.</u>

CITATION TO AUTHORITY: *Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1246 (11th Cir. 2002) (citing *Hamilton Constr. Co. v. Bd. of Pub. Instruction of Dade Cty.*, 65 So. 2d 729, 731 (Fla. 1953)); *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005); *State Farm Mut. Auto. Ins. Co. v. Horkheimer*, 814 So. 2d 1069, 1071 (Fla. 4th DCA 2001).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

## HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 26
## IMPAIRMENT OF HALLMARK'S RIGHTS

If you find that any of the LH Defendants have impaired Hallmarks rights under the Hallmark Policy in regard to the Underlying Action in any way, you must find in favor of Hallmark on the LH Defendants' counterclaim.   Hallmark's rights include, without limitation, rights of indemnity, reimbursement, subrogation and/or contribution.

CITATION TO AUTHORITY: *James River Ins. Co. v. Arlington Pebble Creek, LLC*, 188 F.Supp.3d 1246, 1260-62, 1265 (N.D. Fla. 2016); *Petro v. Travelers Cas. & Sur. Co. of Am.*, 54 F. Supp. 3d 1295, 1303 (N.D. Fla. 2014); *Colony Ins. Co. v. G & T Tires & Serv., Inc*., 777 So.2d 1034, 1039 (Fla. 1st DCA 2000).

ACCEPTED _____
REJECTED _____
MODIFIED _____

1024140\308317234.v1

**HALLMARK'S PROPOSED SPECIAL JURY INSTRUCTION NO. 27**
**DECLARATORY RELIEF BY HALLMARK**

Hallmark's claim against Defendants is for declaratory judgment under which Hallmark seeks a declaration regarding its rights and obligations under a commercial general liability policy number G09400444 issued to "Lion Heart Surgical Equipment Corp." in regard to an underlying lawsuit filed by Johnson & Johnson, Ethicon, Inc., and Ethicon US, Inc., against Lion Heart Surgical Supply LLC, Lion Heart Surgical Supply, Corp., Fabian Conde, and Janaina D. Nascimento (collectively, the "Lion Heart Defendants") and the XS Supply Defendants in the United States District Court, Middle District of Florida, Tampa Division, number 8:19-cv-1673-T-33AEP (the "Underlying Action").

It is necessary for you as the jury to decide questions of fact relating to the issuance of the Hallmark Policy.

(1) You must determine whether any of the defendants in the Underlying Action qualifies as an "Insured" under the Hallmark Policy.

(2) You must decide whether Hallmark had an obligation to provide a defense to any defendant in the underlying action who is not an insured under the Hallmark Policy.

(3) You must decide whether Hallmark has an obligation to indemnify any defendant in the underlying action who is not an insured under the Hallmark Policy.

If you find that none of the defendants in the Underlying Action qualifies as an "Insured" under the Hallmark Policy, and that Hallmark has no obligation to provide a defense or to indemnify any Defendant in the Underlying Action who is not an insured under the Hallmark Policy, then you must find for Hallmark on its claim for declaratory relief.

CITATION TO AUTHORITY: 28 U.S.C. § 2201(a); *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Cas. Indem. Exch. v. High Croft Enters., Inc.*, 714 F. Supp. 1190, 1193 (S.D. Fla. 1989); *Florida Farm Bureau Gen. Ins. Co. v. Copertino*, 693 So.2d 642, 643 (Fla. 4th DCA 1997).

1024140\308317234.v1

## THE LION HEART DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 1
### <u>ILLUSORY COVERAGE</u>

*"A policy is illusory only if there is an internal contradiction that completely negates the coverage it expresses to provide."*

Granted          _____

Denied           _____

Modified         _____

Withdrawn        _____

Authority: *Warwick Corp. v. Turetsky,* 227 So. 3d 621, 625 (Fla. 4th DCA 2017)

1024140\308317234.v1

**THE LION HEART DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 2**
<u>**REFORMATION – DUE TO MUTUAL MISTAKE**</u>

*"A court of equity has the power to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true intention or agreement of the parties to the instrument."*


Granted          _____

Denied          _____

Modified          _____

Withdrawn          _____

Authority: *Goodall v. Whispering Woods Ctr., L.L.C.,* 990 So. 2d 695, 699 (Fla. 4th DCA 2008)

1024140\308317234.v1

**THE LION HEART DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 3**
<u>**REFORMATION – DUE TO MISTAKE ON ONE SIDE AND INEQUITABLE CONDUCT**</u>
<u>**ON THE OTHER SIDE**</u>

*"Reformation also is proper when there is a mistake on the part of one side of the transaction and inequitable conduct on the part of the other side."*

Granted          _____

Denied           _____

Modified         _____

Withdrawn      _____

Authority: *Goodall v. Whispering Woods Ctr., L.L.C.,* 990 So. 2d 695, 699 (Fla. 4th DCA 2008)

1024140\308317234.v1

**THE LION HEART DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 4**
**REFORMATION – DUE TO UNILATERAL MISTAKE**

*A contract may be reformed due a unilateral mistake and "relieve one of the consequences of such an error and the opposite party should be deprived of any consequent windfall whenever there is neither a detrimental reliance upon the mistake nor an inexcusable lack of due care which led to its commission."*

Granted        _____

Denied         _____

Modified       _____

Withdrawn      _____

Authority: *Dep't of Transp. v. Ronlee, Inc*., 518 So. 2d 1326, 1330 (Fla. 3d DCA 1987)

1024140\308317234.v1

**THE LION HEART DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 5**
<u>**REFORMATION – DUE TO A SIMPLE MISTAKE**</u>

*A contract may be reformed to change the named insured when "a simple mistake ha[s] been made."*


Granted         _____

Denied          _____

Modified        _____

Withdrawn       _____

Authority: *Lumbermens Mut. Cas. Co. v. Martin*, 399 So. 2d 536, 537 (Fla. 3d DCA 1981)

**THE LION HEART DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 6**
**DEFINITION OF AGENT**

*An Agent is defined as "one who is authorized to act for or in place of another."*

Granted        _____

Denied         _____

Modified       _____

Withdrawn      _____

Authority: *Ramirez v. State*, 125 So. 3d 171, 176 (Fla. 4th DCA 2013)

1024140\308317234.v1

**THE LION HEART DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 7**
**ACTS OF AGENT BINDING ON PRINCIPAL**

A principal is liable for the acts of its agent that are within the course and scope of the agency.

Granted         _____

Denied          _____

Modified        _____

Withdrawn       _____

Authority: *Roessler v. Novak,* 858 So. 2d 1158, 1161 (Fla. 2d DCA 2003)

67

Dated: June 8, 2021                                    Respectfully submitted,

**HINSHAW & CULBERTSON, LLP**          **MORISON & PROUGH, LLP**


/s/Rory Eric Jurman                                    /s/ William C. Morison

Rory Eric Jurman, Esq.                              William C. Morison, Esq.
Florida Bar No.: 194646                             California State Bar No.: 99981
rjurman@hinshawlaw.com                          wcm@morisonprough.law
One East Broward Boulevard, Suite 1010    2540 Camino Diablo, Suite 100
Fort Lauderdale, Florida 33301                  Walnut Creek, California 94597
T: (954) 467-7900; F: 954-467-1024         T: (925) 937-9990; F: (925) 937-3272
Attorneys for Plaintiff/Counter-defendant    Attorneys for Plaintiff/Counter-defendant
Hallmark Specialty Insurance Company        Hallmark Specialty Insurance Company

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 8th day of June 2021, the foregoing was filed with the

Court's CM/ECF System, which will send notice to the parties in this litigation via email.

1024140\308317234.v1

## SERVICE LIST

| | |
|---|---|
| Danya J. Pincavage (FL Bar 14616)<br>Omar M. Ali-Shamaa (FL Bar 121461)<br>WOLFE \| PINCAVAGE<br>2937 SW 27th Avenue, Suite 302<br>Miami, FL 33133<br>T: (786) 409-0800<br>Primary: danya@wolfepincavage.com; omar@wolfepincavage.com<br>Secondary: monica@wolfepincavage.com;<br>service@wolfepincavage.com<br><br>*Attorneys for Lion Heart Surgical Supply LLC, Lion Heart Surgical Supply Corp., Fabian Conde, and Janaina D. Nascimento* | Alice R. Huneycutt (FL Bar 293105)<br>STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.<br>SunTrust Financial Centre, Suite 2100<br>401 E. Jackson Street<br>Tampa, Florida 33602<br>Post Office Box 3299<br>Tampa, Florida 33601<br>T: (813) 222-5031<br>F: (813) 222-5089<br>Primary: ahuneycutt@stearnsweaver.com<br>Secondary:dangel@stearnsweaver.com,<br>mkish@stearnsweaver.com<br><br>Geoffrey Potter (NY Bar 2252302 PHV)<br>Timothy Waters (NY Bar 4683157 PHV)<br>Joshua R. Stein (NY Bar 5387394 PHV)<br>Jacqueline Lash (NY Bar 5534953 PHV)<br>PATTERSON BELKNAP<br>WEBB & TYLER LLP<br>1133 Avenue of the Americas<br>New York, New York 10036-6710<br>T: (212) 336-2000<br>F: (212) 336-2222<br>Primary: gpotter@pbwt.com;<br>twaters@pbwt.com; jstein@pbwt.com;<br>jlash@pbwt.com<br>*Attorneys for Johnson & Johnson, Ethicon, Inc., Ethicon US, LLC* |
| Gus M. Centrone (FL Bar 0030151)<br>James E. Felman (FL Bar 775568)<br>Katherine E. Yanes (FL Bar 159727)<br>KYNES MARKMAN & FELMAN, P.A.<br>P.O. Box 3396<br>Tampa, Florida 333601<br>T: (813) 229-1118<br>F: (813) 221-6750<br>Primary: gcentrone@centroneshrader.com;<br>jfelman@kmf-law.com; kyanes@kmf-law.com<br>Secondary: cbarteaux@kmf-law.com;<br><br>*Attorneys for XS Supply, LLC, Jon M. Bird, Tyler Berger, Ivan Rodimushkin, David W. Longdue III, and Brendan Thomas* | |

1024140\308317234.v1