# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

HALLMARK SPECIALTY INSURANCE
COMPANY,

      CASE NO: 20-cv-61483-RAR

    Plaintiff,

v.

LION HEART SURGICAL SUPPLY LLC, LION HEART SURGICAL SUPPLY CORP., FABIAN CONDE, JANAINA D. NASCIMENTO, JOHNSON & JOHNSON, ETHICON, INC., ETHICON US, LLC, XS SUPPLY, LLC, JON M. BIRD, TYLER BERGER, IVAN RODIMUSHKIN, DAVID W. LONGDUE III, and BRENDAN THOMAS,

    Defendants.

and

LION HEART SURGICAL SUPPLY CORP., FABIAN CONDE, JANAINA D. NASCIMENTO,

    Counter-Plaintiffs,

v.

HALLMARK SPECIALTY INSURANCE COMPANY,

    Counter-Defendant.
    _____/

**PROPOSED VERDICT FORM**

**Hallmark's Proposed Verdict Form:**

We, the jury, return the following verdict:

1. Do you find that Lion Heart Surgical Supply LLC, Lion Heart Surgical Supply Corp., Fabian Conde, and Janaina Nascimento (individually and collectively, the "LH Defendant(s)") proved by CLEAR AND CONVINCING EVIDENCE that a mutual mistake was made by *both* the LH Defendant(s) and Hallmark in naming "Lion Heart Surgical Equipment Corp." as the insured on the Hallmark Policy?

   (Circle your response.)

   YES_____          NO_____

2. Do you find that Lion Heart Surgical Supply Corp., Fabian Conde and Janaina Nascimento (individually and collectively, the "LH Cross-Complainant(s)") proved by CLEAR AND CONVINCING EVIDENCE that a mutual mistake was made by *both* the LH Cross-Complainant(s) and Hallmark in naming "Lion Heart Surgical Equipment Corp." as the insured on the Hallmark Policy?

   YES_____          NO_____

   If you answered "NO" to question numbers 1 and 2 above, respond to questions 9 and 10, then STOP deliberations and return this signed Verdict Form to the Court. If you answered "YES", respond to question number 3 below.

3. Do you find that the LH Defendant(s) and LH Cross-Complainant(s) proved by CLEAR AND CONVINCING EVIDENCE that the Hallmark Policy should be reformed to name an insured other than "Lion Heart Surgical Equipment Corp."?

   YES_____        NO_____

   If you answered "NO" to question number 3 above, respond to questions 9 and 10, then STOP deliberations and return this signed Verdict Form to the Court. If you answered "YES", respond to question number 4 below.

4. What entity should be named as the insured on the Hallmark Policy other than "Lion Heart Surgical Equipment Corp."?

   NAME OF ENTITY: _____

5. If you answered "YES" to questions 1, 2, and 3 above, do you find that Fabian Conde qualifies as an insured under the Hallmark Policy while acting on behalf of the entity you named in response to question 4 above?

   YES_____        NO_____

6. If you answered "YES" to questions 1, 2, and 3 above, do you find that Janaina Nascimento qualifies as an insured under the Hallmark Policy while acting on behalf of the entity you named in response to question 4 above?

YES_____          NO_____

7.  Do you find that Hallmark has proven by a PREPONDERANCE OF THE EVIDENCE that a policy exclusion applies to bar all coverage for the Underlying Action?

    YES_____          NO_____

    If you answered "YES" to question 7 above, respond to questions 9 and 10 below, then STOP deliberations and return the signed Verdict Form to the Court.  If you answered "NO", respond to question 8 below.

8.  Do you find that Hallmark has proven by a PREPONDERANCE OF THE EVIDENCE that a policy condition to coverage has not been satisfied and so bars all coverage for the Underlying Action?

    YES_____          NO_____

    If you answered "YES" to question 8 above, respond to questions 9 and 10 below, then STOP deliberations and return the signed Verdict Form to the Court.  If you answered "NO", respond to questions 9 and 10 below.

9.  Do you find that Hallmark is entitled to joint and several reimbursement from the LH Defendants of all sums that Hallmark has paid in defense of the LH Defendants in the Underlying Action?

    YES_____          NO_____

10. Do you find that Hallmark is entitled to joint and several reimbursement from the LH Defendants of all sums that Hallmark has paid or may pay to indemnify the LH Defendants in the Underlying Action?

YES_____   NO_____

11. Do you find that the LH Cross-Complainant(s) proved by PREPONDERANCE OF THE EVIDENCE that Hallmark had any obligation to provide them with a defense in the Underlying Action?

YES_____   NO_____

If you answered "NO" to question 11 above, STOP deliberations and return the signed Verdict Form to the Court.  If you answered "YES", respond to question 12 below.

12. Do you find that the LH Cross-Complainant(s) have proved by PREPONDERANCE OF THE EVIDENCE that Hallmark breached any obligation to provide them with a defense in the Underlying Action?

YES_____   NO_____

13. Do you find that the LH Cross-Complainant(s) have proved by a PREPONDERANCE OF THE EVIDENCE that Hallmark had any obligation to indemnify them in the Underlying Action?

YES_____   NO_____

If you answered "NO" to question 13 above, STOP deliberations and return the signed Verdict Form to the Court.  If you answered "YES", respond to question 14 below.

14. Do you find that the LH Cross-Complainant(s) have proved by a PREPONDERANCE OF THE EVIDENCE that Hallmark breached any obligation to indemnify them in the Underlying Action?

        YES_____        NO_____

SO SAY WE ALL, this _____ day of September, 2021.

_____
FOREPERSON [Signature]

_____
FOREPERSON [Printed Name]

**The Lion Heart Defendants' Proposed Verdict Form:**

We, the jury, return the following verdict:

1. Was Lion Heart Surgical Supply Corp. the intended the named insured on the Hallmark Policy?

    YES _____          NO _____

If you answered "NO" to question number 1, respond to question 6 then STOP deliberations and return this signed Verdict Form to the Court. If you answered "YES", respond to question numbers 2 – 5 below.

2. Do you find that the LH Defendants proved that a mutual mistake was made in naming Lion Heart Surgical *Equipment* Corp. as the named insured?

    YES _____          NO _____

3. Do you find that the LH Defendants proved that there was a mistake on the part of one side of the transaction and inequitable conduct on the other side?

    YES _____          NO _____

4. Do you find that there was neither a detrimental reliance upon the mistake nor an inexcusable lack of due care which led to the issuance of the Policy to Lion Heart Surgical *Equipment* Corp.

    YES _____          NO _____

5. Do you find that the Policy was issued to Lion Heart Surgical *Equipment* Corp. due a simple mistake?

   YES _____          NO _____

If you answered "YES" to any of question numbers 2 – 5, then STOP deliberations and return this signed Verdict Form to the Court. If you answered "NO" to question numbers 2 – 5, respond to question 6, then STOP deliberations and return this signed Verdict Form to the Court

6. Do you find that the Policy naming a non-existent entity provides illusory coverage to the LH Defendants?

   YES _____          NO _____

SO SAY WE ALL, this _____ day of September 2021.

_____
FOREPERSON [Signature]

_____
FOREPERSON [Printed Name]