UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

HALLMARK SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

v.

LION HEART SURGICAL SUPPLY LLC,
LION HEART SURGICAL SUPPLY
CORP., FABIAN CONDE, JANAINA D.
NASCIMENTO, XS SUPPLY, LLC, AND
JOHNSON & JOHNSON, ETHICON, INC.
AND ETHICON US, LLC,

        Defendants.
_____/

Case No. 20-cv-61483-RAR

## PLAINTIFF'S EXPEDITED MOTION FOR
## LEAVE TO TAKE DEPOSITIONS DE BENE ESSE

Plaintiff Hallmark Specialty Insurance Company ("Hallmark") by and through undersigned counsel and pursuant to S.D. Fla. L.R. 7.1, hereby files this Expedited Motion for leave to take deposition de bene esse testimony of Eric Pray and Roy Albiani, and states as follows:

## INTRODUCTION

This case is scheduled for jury trial on the Court's November 8, 2021 two-week trial calendar, with Calendar Call on October 25, 2021.

Hallmark seeks to take the trial depositions of Eric Pray and Roy Albiani as more fully detailed below. Mr. Pray has agreed to sit for deposition on October 27, 2021. Hallmark therefore seeks expedited relief necessary so that a ruling on this Motion is granted in advance of the October 27, 2021 deposition of Mr. Pray, as well as to coordinate the deposition of Mr. Albiani in advance of trial in November 2021.

Eric Pray, former property and casualty underwriter at USG Insurance Services, Inc. ("USG"), is a crucial witness to Plaintiff's case. He was the primary underwriter handling the underwriting for the subject policy ("Policy") issued to Lion Heart Surgical Equipment Corp. ("LHSEC"). Consistent with his declaration filed in support of Plaintiff's Motion for Summary Judgment [D.E.88-2], Mr. Pray was to provide trial testimony regarding the final instructions USG received from the insured's broker, PAG Insurance Services, Inc. ("PAG"), as to identification of the named insured. The facts relating to PAG's instructions are critical to Hallmark's declaratory judgment action and its defense to the counterclaim asserted by Lion Heart Surgical Supply, LLC, Lion Heart Surgical Supply Corp., Fabian Conde and Janaina Nascimento (collectively, "LH Defendants"). Indeed, the LH Defendants claim that Hallmark and/or its agent USG made a mistake in issuing the Policy to LHSEC, despite that the final, written instructions of PAG to Mr. Pray requested that the Policy be issued to LHSEC.

Mr. Pray was listed on Hallmark's initial Witness List [D.E. 107-3]. He resides and works in Hillsborough County, Florida. Unfortunately, and as learned by undersigned counsel on a call with Mr. Pray's counsel on October 7, 2021, Mr. Pray is currently undergoing ongoing medical treatment for a serious illness, and it is anticipated that he will be unable to attend trial in person. Hallmark therefore just learned of Mr. Pray's unavailability for trial.  The parties have been aware of Pray's declaration since its filing with this Court on April 20, 2021 [D.E. 88-2].

On October 8, 2021, undersigned counsel sent an email to counsel for Defendants regarding Hallmark's intention to schedule Mr. Pray's deposition de bene esse to preserve trial testimony for October 27, 2021, the only available date between now and the trial. The undersigned informed Defendants' counsel that Mr. Pray is undergoing medical treatment and is likely unable to appear in person at the trial. Counsel for Johnson & Johnson ("J&J") and the Lion Heart Defendants objected. Mr. Pray has voluntarily agreed to provide deposition testimony on **October 27, 2021**

via Zoom, despite his medical condition and in lieu of live trial testimony, and Defendants' objection has necessitated the filing of this Motion.

Mr. Albiani was Johnson & Johnson's impact witness at Nascimento's criminal sentencing. He is the Director of Global Brand protection, Medical Devices Sector, at Johnson & Johnson and, in that capacity, has provided corporate representative testimony on issues relevant to the coverage case in the criminal and underlying actions. *See* **Exhibit 1** [D.E. 69] (transcript from criminal sentencing hearing, in which Mr. Albiani provided a victim impact statement on behalf of Johnson & Johnson); and **Exhibit 2** (sworn declarations of Albiani filed in the underlying intellectual property action giving rise to this coverage case). In particular, he provided testimony regarding material facts that form the basis of coverage issues expressly raised in this proceeding, including in Hallmark's affirmative defenses [D.E. 49] and summary judgment motion and subsequent briefings [D.E. 78, 87 and 98]. Mr. Albiani's testimony is not only relevant, but critical to coverage issues presented in this case.

Given Mr. Albiani's role in other related proceedings involving the LH Defendants' sale of counterfeit medical supplies, Hallmark wished to confirm with Johnson & Johnson's counsel that he was likewise attending the trial in this matter or would otherwise be available to testify at trial. To that end, on October 7, 2021 and October 8, 2021, undersigned counsel emailed counsel for Johnson & Johnson, notifying counsel that Hallmark intends to call Mr. Albiani as a witness at trial, and that if he is unavailable for trial, that Hallmark wishes to take Mr. Albiani's deposition to preserve trial testimony. Defendant Johnson & Johnson has refused to produce Mr. Albiani at trial or at any deposition to preserve his trial testimony. (Defendant Johnson & Johnson has also refused to respond to requests that Mr. Albiani or an alternate corporate representative appear at trial).

Johnson & Johnson's corporate representative was identified on Plaintiff's initial Witness List [D.E. 107-3]. As Mr. Albiani resides in California, a considerable distance from the Court, and as Johnson & Johnson has refused to produce Mr. Albiani for trial, it is unlikely that he will attend trial or provide trial testimony. A deposition to preserve his trial testimony is therefore necessary, in light of these circumstances. The parties have been aware of Mr. Albiani's prior statements and testimony in the criminal and underlying actions since July 12 and October 12, 2019 (declarations filed in underlying action, Ex. 2), and since March 21, 2021 (victim impact statements made in criminal action, Ex. 1 [D.E. 69]).

Neither witness will testify to facts not previously known to any party in this action.

## MEMORANDUM OF LAW

Hallmark seeks leave to take a de bene esse deposition of Mr. Eric Pray and Mr. Roy Albiani. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1359 n.3 (11th Cir. 2002) ("The phrase 'de bene esse' does not appear in the Federal Rules of Civil Procedure. For depositions, we understand the phrase to mean depositions that may be used at trial if the witness is unable to attend the trial."); *Bouygues Telecom, S.A. v. Tekelec, Inc.*, 238 F.R.D. 413, 414 (E.D.N.C. 2006) ("The purpose of a discovery deposition is to discover information; the purpose of a de bene esse deposition is to preserve testimony for trial."); *Lucas v. Pactiv Corp.*, No. CIV. 5:08CV00079, 2009 WL 5197838, at *4 (W.D. Va. Dec. 22, 2009) (noting that a majority of courts recognize "a federal common law distinction between discovery depositions and trial depositions . . . and have held the latter category permissible even after the discovery deadline has passed") (citations omitted).

While it has been well established that the Federal Rules of Civil Procedure do not distinguish between discovery depositions and trial depositions ("de bene esse"), many courts have considered the distinction. In *Charles v. Wade*, 665 F. 2d 661 (5th Cir. 1982), the Fifth Circuit

Court of Appeals held that the lower court abused its discretion, committing error, when it precluded the plaintiff from taking the deposition of an "unavailable" witness 6 weeks before trial, and after discovery had closed. *Id.* at 665. The *Charles* court stated although the discovery deadline had passed well before the time plaintiff sought leave, the deposition request was not intended for the purposes of discovery but, instead, for the purposes of obtaining testimony of a witness unavailable for trial. *Id.* at 664-65. The appellate court reasoned that by denying the plaintiff the right to depose the witness, the trial court deprived the jury of an opportunity hear witness testimony and make a decision as such; "[a] party to a lawsuit obviously is entitled to present his witnesses. The fact that the discovery period had closed had no bearing on appellant's need, or his right, to have the jury hear testimony." *Id.* at 664; *see also E.E.O.C. v. Papin Enterprises, Inc.*, No. 6:07-cv-1548-Orl-28GJK (M.D. Fla. Mar. 11, 2009) (although the discovery deadline had passed, the deposition of an unavailable witness should proceed given the lack of actual prejudice suffered by the opposing party) (**Exhibit 3**); *Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991) (even though discovery was closed, the deposition of a witness, whose unavailability at trial was anticipated, was allowed); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354-56 (D. Colo. 2001) (trial depositions are not discovery).

The Middle District of Florida addressed this issue, in *Papin Enterprises, Inc.*, applying the language and holding from the *Charles* court determining that a de bene esse deposition would be appropriate. *See* 2009 WL 10671742 at *2. The plaintiff in *Papin* claimed that allowing the defendants to conduct a deposition after the close of discovery would cause him to suffer "significant prejudice", especially since defendants had "failed to question the witness during an earlier deposition." *Id.* at 1-2. The court, applying a series of case law and *Charles*, reasoned that a "deposition sought after the discovery period . . . [was] for the sole purpose of seeking the testimony of a witness unavailable for trial [and] was not a request for discovery." *Id.* at 1, 2. The

court found the plaintiff was not prejudiced by the preservation of trial testimony, and the defendants were entitled to preserve the testimony of an unavailable witness for trial. *Id.* at 2.

Although Defendants here may argue that Hallmark made a tactical decision to not depose Mr. Pray or Mr. Albiani at an earlier time, courts relying on the *Chrysler* case have found this to be a non-persuasive argument. Specifically in *Estenfelder* and *Matthews*, "attorneys do not normally depose their own witnesses for discovery purposes because they already know what these witnesses will say when they testify." *Matthews v. Denver Newspaper Agency LLP*, 2009 WL 112819 (D. Colo. Jan. 15, 2009). Similarly here, Hallmark has a right to memorialize Mr. Pray and Johnson & Johnson's testimony in deposition.

Indeed, it would be arbitrary to refuse a trial deposition solely because a party requests it after the close of discovery. *See Charles*, 665 F.2d 661, 664; 8A WRIGHT & MILLER: FED. PRAC. & PROC. CIV. § 2104 (3d ed. Apr. 2014). The point of a trial deposition is to preserve the testimony of a witness who is or may become unavailable to testify at trial. A witness's availability may not be known until trial draws near, which is usually well after discovery has closed. A bright-line rule prohibiting post-discovery trial depositions would bar them when they are needed most. "[T]he *Chemaly* [*Chrysler*] court directs lower courts to 'consider all the circumstances, including fairness to the adverse party and the amount of time remaining before the date set for trial.'" *Hernandez v. Hendrix Produce, Inc.*, No. CV613-053, 2014 U.S. Dist. LEXIS 98269, at *6 (S.D. Ga. June 24, 2014) (granting Defendants' Motion to take 4 depositions de bene esse of individuals who were Mexican citizens and whose visas were due to expire before trial) *citing Chrysler*, 280 F.3d at 1362).

It is appropriate to consider, for example, when the party seeking the deposition became aware that the witness would be unavailable. *See, e.g., Estate of Terry Gee v. Bloomington Hosp. & Health Care Sys.*, 2012 U.S. Dist. LEXIS 29404, at *16-17 (S.D. Ind. Mar. 6, 2012) ("While

discovery is closed under the terms of this court's scheduling order, that order does not prevent a party from memorializing a witness's testimony in order to offer it at trial"); *Bamcor LLC v. Jupiter Aluminum Corp.*, 2010 U.S. Dist. LEXIS 126702, at *4–5 (N.D. Ind. Nov. 29, 2010); *George v. Ford Motor Co.*, 2007 U.S. Dist. LEXIS 61453, at *32 (S.D.N.Y. Aug. 17, 2007). If the party became aware during the discovery period, then there is a reasonable argument that it should have noticed a deposition at that time, rather than waiting until trial.

As noted, Hallmark became aware that both Mr. Pray and Mr. Albiani are unavailable for trial on October 7 and October 8, 2021, respectively. Hallmark expeditiously seeks leave to preserve their trial testimony in this Motion. *See e.g., Lanzi v. Yamaha Motor Corp.*, No. 8:17-cv-2020-T-36AEP, 2019 U.S. Dist. LEXIS 234361, at *26-27 (M.D. Fla. Oct. 8, 2019) ("As this Court's broad authority to control the pace of the litigation rests at the heart of the matter, the Court must consider the timing of the request" to take preservation depositions; plaintiff's motion to take preservation depos granted based on unavailability of witnesses due to health issues, and given that "plaintiff's request will not disturb the pace of the litigation"); *see also Conklin v. RT Engineering Corp.*, No.: 3:17-CV-415-J-39JRK (M.D. Fla, Nov. 16, 2018) (Defendants motion to preserve testimony was "is **GRANTED to the extent** that Defendant may preserve the trial testimony of Erin Hoffer within the limited scope of her previously provided affidavit. This is in light of Defendant filing the motion within days of learning that Ms. Hoffer would not voluntarily attend trial, could not be subpoenaed, and whose substantive testimony has been previously disclosed to Plaintiff for months before the trial of this matter") (emphasis in original) (**Exhibit 4**) citing Fed. R. Civ. P. 45(c) and Fed. R. Civ. P.(32)(a)(4); *see also Dopson-Troutt v. Novartis Pharm. Corp.*, No. 8:06-CV-1708-T-24, 2013 WL 5231413, at *2 (M.D. Fla. Sept. 16, 2013) ("The Eleventh Circuit explained that in allowing or disallowing a de bene esse deposition the district

court should consider all the circumstances, including fairness to the adverse party and the amount of time remaining before the date set for trial.") (internal citation and quotations omitted).

Federal Rule of Civil Procedure 32 governs the use of depositions at trial. Rule 32(a)(1) provides that "[a]t a hearing or trial, all or part of a deposition may be used against a party" on a number of specified conditions: (A) that "the party was presented or represented at the taking of the deposition," (B) that "it was used to the extent that the deposition would be admissible under the Federal Rules of Evidence if the deponent were present and testifying," and (C) "the use if allowed by Rule 32(a)(2) through (8)." Fed. R. Civ. P. 32(a)(1).

Further, pursuant to Rule 32, "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds … that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B); *see MMG Ins. Co. v. Samsung Elecs. Am., Inc.*, 2013 U.S. Dist. LEXIS 79079, at *29-30 (D.N.H. June 5, 2013) (allowing use of deposition at trial on basis that counsel's statement that witness would be away on vacation during trial was an admission that witness would be more than 100 miles from courthouse and therefore unavailable under Rule 32(a)(4)(B)).

> Even if the witnesses could be persuaded to attend trial,
>
> the language of the rule does not permit a court to read this sort of qualification into it. Distance is the decisive criterion: so long as a witness is shown to be more than one hundred miles from the place of trial, the admissibility of deposition testimony under the aegis of [Rule (a)(4)(B)] is not contingent upon a showing that the witness is otherwise unavailable.

*Daigle v. Maine Med. Ctr.*, 14 F. 3d 684, 691-92 (1st Cir. 1994) (citing *Carey v. Bahama Cruise Lines, Inc.*, 864 F. 2d 201, 204 n. 2 (1st Cir. 1988)).

It is undisputed that Mr. Pray is undergoing treatment for a serious medical condition and it will be unduly burdensome to order Mr. Pray to attend trial as a witness in person. Further, as

he resides in the Tampa area, he is well outside the 100 mile limit contemplated in Rule 32. Additionally, Mr. Albiani resides in California, some 3,000 miles from the trial location. Neither Mr. Pray nor Mr. Albiani will be able to attend trial in person. As indicated above, distance is the decisive criterion, and Mr. Pray and Mr. Albiani are unavailable as the term is contemplated under Federal Rule of Civil Procedure 32(a)(4)(B). Moreover, there is no evidence that Hallmark procured either witness's unavailability at trial.

Further, although courts retain the discretion to address trial depositions in the case management order, including the discretion to set deadlines and other parameters for such depositions, the Court did not do so here. No party suggested in the case management report or during the case management conference that the discovery deadline should apply to both discovery depositions and trial depositions, and the case management order does not address trial depositions. *See Chrysler*, 280 F.3d at 1360 (affirming the district court's grant of a protective order prohibiting a deposition de bene esse after the discovery deadline had passed and prohibiting the admission of such deposition at the time of trial where the district court had warned the parties prior to the discovery cutoff that discovery depositions and depositions de bene esse would be treated the same for purposes of the scheduling order).

As in *Papin* and the applicable case law cited herein, Hallmark is not seeking leave of this court to take a discovery deposition but, instead, a deposition to preserve Eric Pray and Johnson & Johnson's testimony for trial. All parties hereto are aware of the testimony of both witnesses that Hallmark seeks to elicit, based on the prior statements and testimony of the witnesses. The inability to preserve such testimony will unduly prejudice Hallmark and prevent the jury from hearing all relevant evidence. For these reasons, the court should determine that the preservation of these witnesses' testimony is appropriate, and Hallmark should be permitted to seek leave of this court and preserve their testimony for trial.

**CONCLUSION**

For the reasons stated above, Hallmark respectfully requests that this Court allow it to take depositions de bene esse of Eric Pray and Roy Albiani in advance of the trial in this matter. Hallmark further requests expedited briefing on the issues raised herein as may be necessary to accommodate Mr. Pray's agreement to appear for deposition on October 27, 2021, and to coordinate Mr. Albiani's deposition to take place before the November 2021 trial, should the Court grant the Motion.

WHEREFORE, Hallmark respectfully requests that this Court grant Hallmark's Expedited Motion for leave to take depositions de bene esse and for such other relief as this Court deems just and proper.

**CERTIFICATE OF CONFERRING WITH COUNSEL**

Pursuant to Local Rule 7.1(c) of the Rules governing practice in and for the Southern District of Florida, undersigned counsel conferred with Defendants' counsel regarding the issues raised in this Motion via email on October 7, 8 and 9, 2021. Counsel for Johnson & Johnson and the LH Defendants object to the relief sought herein.

Dated: October 12, 2021

*/s/*Rory Eric Jurman
Rory Eric Jurman
Florida Bar No. 194646
Email: rjurman@hinshawlaw.com
Jenelle La Chuisa
Florida Bar No. 539988
Primary email: jlachuisa@hinshawlaw.com
Secondary email: dsmellie@hinshawlaw.com,
vharris@hinshawlaw.com
rejeserve@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
One East Broward Boulevard, Suite 1010
Ft. Lauderdale, FL 33301
T: (954) 467-7900
F: (954) 467-1024

William C. Morison
Pro Hac Vice
Primary email: wcm@morison.law
**MORISON LAW, LLP**
3478 Buskirk Avenue, Suite 342
Pleasant Hill, California 94523
T: (925) 937-9990
F: (925) 937-3272

*Attorneys for Plaintiff/Counter-Defendant Hallmark Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, a copy of the foregoing was served via email on all parties of interest listed on the service list:

*/s/*Rory Eric Jurman

**SERVICE LIST**

Danya J. Pincavage (FL Bar 14616)
Omar M. Ali-Shamaa (FL Bar 121461)
WOLFE | PINCAVAGE
2937 SW 27th Avenue, Suite 302
Miami, FL 33133
T: (786) 409-0800
Primary: danya@wolfepincavage.com; omar@wolfepincavage.com
Secondary: monica@wolfepincavage.com; elizabeth.bernardez@wolfepincavage.com;
*Attorneys for Lion Heart Surgical Supply LLC, Lion Heart Surgical Supply Corp., Fabian Conde, and Janaina D. Nascimento*

Alice R. Huneycutt (FL Bar 293105)
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
SunTrust Financial Centre, Suite 2100
401 E. Jackson Street
Tampa, Florida 33602
Post Office Box 3299
Tampa, Florida 33601
T: (813) 222-5031
F: (813) 222-5089
Primary: ahuneycutt@stearnsweaver.com
Secondary: dangel@stearnsweaver.com, mkish@stearnsweaver.com

Geoffrey Potter (NY Bar 2252302 PHV)
Timothy Waters (NY Bar 4683157 PHV)
Joshua R. Stein (NY Bar 5387394 PHV)
Jacqueline Lash (NY Bar 5534953 PHV)
PATTERSON BELKNAP
WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
T: (212) 336-2000
F: (212) 336-2222
Primary: gpotter@pbwt.com; twaters@pbwt.com; jstein@pbwt.com; jlash@pbwt.com
*Attorneys for Johnson & Johnson, Ethicon, Inc., Ethicon US, LLC*